COVINGTON & BURLING LLP
Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
One Front Street
San Francisco, CA 94111-5356
Telephone:   (415) 591-6000
Facsimile:    (415) 591-6091

COVINGTON & BURLING LLP
Philip A. Irwin (pirwin@cov.com) (admitted pro hac vice)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:   212.841.1000
Facsimile:    212.841.1010

COVINGTON & BURLING LLP
Gary M. Rubman (grubman@cov.com) (admitted pro hac vice)
R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:   (202) 662-6000
Facsimile:    (202) 662-6291

Attorneys for Plaintiff and Counterclaim Defendant Fujitsu Limited

[COUNSEL FOR DEFENDANTS LISTED ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FUJITSU LIMITED,<br><br>            Plaintiff,<br><br>    v.<br><br>BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC.,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 10-cv-03972-LHK (PSG)<br><br>**STIPULATION AND [PROPOSED] ORDER RE DISCOVERY OF ELECTRONICALLY-STORED INFORMATION**<br><br>Before:   The Honorable Lucy H. Koh<br><br>Discovery Matters Assigned to:<br>         Magistrate Judge Paul S. Grewal |

Plaintiff Fujitsu Limited, and Defendants Belkin International Inc., Belkin, Inc., D-Link Systems, Inc., ZyXEL Communications, Inc., and Netgear, Inc., by and through their counsel of record, hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

1. Absent further agreement among the relevant parties or by Order of the Court, no party shall be obligated to search for or produce voicemails in responding to discovery requests in this case.

2. The parties shall meet and confer to reach agreement on a reasonable list of custodians for purposes of collection, review and production of email and instant messaging files.  In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patents, the development, design and operation of the accused products, alleged prior art references, and sales, marketing and other damages-related information for the accused products).  The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on search terms to be used for electronic searches of the files from those custodians.  ESI, including but not limited to email and instant messaging files, shall be collected for each individual custodian from the personal computers, network resources and other electronic devices that those individuals use for work purposes.  Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search result produce significant inadvertent production, the producing party may request a meet and confer to discuss application of further negative search restrictions to reduce the burden on  the producing party (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents).  The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial production.  The parties shall make good faith efforts to identify appropriate email

custodians and produce email on the schedule set forth below, but reserve the right to seek email from additional email custodians identified through discovery.  The parties agree to the following schedule with regard to custodian identification and the schedule for production:

- The parties will exchange lists of proposed custodians for their productions on July 13, 2011.

- The parties will complete the meet and confer process and finalize custodian lists by no later than July 20, 2011.  If the parties are unable to reach a complete agreement, any issues that remain unresolved shall be presented to Magistrate Judge Grewal for expedited resolution by a joint submission filed by no later than July 27, 2011.

- The parties will exchange proposed lists of electronic search terms by July 13, 2011.

- The parties will complete the meet and confer process and finalize the lists of electronic search terms by no later than July 20, 2011.  If the parties are unable to reach a complete agreement, any issues that remain unresolved shall be presented to Magistrate Judge Grewal for expedited resolution by a joint submission filed by no later than July 27, 2011.

- Once agreement is reached on electronic search terms, the parties will make a good faith effort to commence rolling productions of email by no later than August 1, 2011.  The parties shall use their best efforts to complete production of email by no later than August 15, 2011 for all custodians and search terms agreed to on the schedule set forth in this agreement.  Any additional email discovery that may become necessary shall proceed on a schedule agreed to by the parties or set by the Court.

3. In addition to email and instant messaging files, the parties will collect reasonably-accessible and responsive ESI from servers, electronic document repositories, other electronic file storage media, and shared network folders or repositories likely to

contain responsive ESI that the party identifies following a reasonable and diligent investigation. If a party identifies a location that is likely to contain non-duplicative responsive documents but from which the party cannot access data or other information, the party shall identify the location. The parties shall meet and confer in good faith to determine whether the data or information can be collected and searched from that location.

4. Except as otherwise provided for in this Agreement, all documents existing in electronic format shall be produced in single page, black and white TIF format at a resolution of at least 300 dpi in accordance with the following:

   A. TIF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document

   B. For native files converted to TIF format, a text (.txt or TXT) file shall be produced along with the TIF image, one TXT file per document. If a native file includes foreign characters, it shall be provided in a UTF-8 (Unicode format). The TXT file shall be named after the beginning production ID of the document to which it corresponds.

   **C.** Load files should include, where applicable, the following information:

   1. BegProd
   2. EndProd
   3. BegAttach
   4. EndAttach
   5. Custodian
   6. DateModified
   7. Title
   8. Author
   9. DateSent
   10. Subject
   11. EM_Author
   12. EM_Recipient
   13. EM_CC
   14. EM_BCC
   15. EM_Folder
   16. FileExtension
   17. PageCount
   18. MD5_Hash

19. TXT_Filename
20. NativeFileLink (where applicable)

5. Notwithstanding Paragraph 4, a party may instead elect to produce any documents existing in electronic format in the native format of the document or (except as provided in Paragraph 7 below) in pdf format.  For documents which already exist in pdf format prior to production (i.e., which the producing party receives from a client or third party in pdf format), the producing party may provide them in that same pdf format, whether searchable or non-searchable.  For documents converted to pdf format prior to production, the producing party shall make reasonable efforts to convert to searchable pdf format with the metadata fields specified in Paragraph 4.

6. Parties shall produce email attachments sequentially after the parent email.

7. Microsoft Excel spreadsheet files and Microsoft Access databases shall be produced as native files.  The produced native-file documents shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.  The parties shall cooperate with regard to reasonable requests to produce other files in native format, on a case-by-case basis.  If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties to this Agreement reserve the right to seek relief from the Court.

8. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and the English-language version.  In addition, if the producing party has a certified translation of a foreign-language document that is being produced, the producing party shall produce both the original document and the certified translation.  Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

9. The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Agreement shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

10. The parties will preserve tape backups, electronic archives, or any other materials that they believe, in good faith, to be related to this litigation. Except with regard to materials that fall within Paragraph 3 of this agreement, tape backups, electronic archives and other similar materials need not be searched or produced absent a showing of good cause after meeting and conferring on the issue.

Respectfully submitted,

DATE: July 11, 2011                         COVINGTON & BURLING LLP

By: /s/ Robert D. Fram[1]

Robert D. Fram (rfram@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:   415.591.6000
Facsimile:   415.591.6091

Philip A. Irwin (pirwin@cov.com)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:   212.841.1000
Facsimile:   212.841.1010

---

[1] In compliance with General Order 45.X.B, I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

STIPULATION AND [PROPOSED] ORDER                 5
Case No. 10-cv-03972-LHK (PSG)

|   |   |   |
|---|---|---|
| 1 |  | Gary M. Rubman (grubman@cov.com) |
| 2 |  | COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401 |
| 3 |  | Telephone:   202.662.6000<br>Facsimile:      Fax: 202.662.6291 |
| 4 |  | Attorneys for Plaintiff and Counterclaim |
| 5 |  | Defendant FUJITSU LIMITED |

DATE: July 11, 2011          By: /s/ Duncan Palmatier

Duncan Palmatier (CA Bar No. 116692)
E-mail: dpalm@dpalmlaw.com
S.J. Christine Yang (CA Bar No. 102048)
E-mail: cyang@sjclawpc.com
Victoria Der-Lung Hao (admitted pro hac vice)
E-mail: vhao@sjclawpc.com
The Law Office of S.J. Christine Yang
17220 Newhope Street, Suites 101 & 102
Fountain Valley, California  92708
Telephone:    (714) 641-4022
Facsimile:     (714) 641-2082

Attorneys for Defendants D-Link Systems, Inc. and ZyXEL Communications, Inc.

DATE: July 11, 2011          WINSTON & STRAWN LLP

By: /s/ David Enzminger

David Enzminger (CA Bar No. 137065)
E-mail: denzminger@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA  90071
Telephone: (213) 615-1780
Facsimile:  (213) 615-1750

Attorneys for Defendants BELKIN INTERNATIONAL INC. and BELKIN, INC.

DATE: July 11, 2011            REED SMITH LLP

By: /s/ William R. Overend

William R. Overend (CA Bar No. 180209)
E-mail: woverend@reedsmith.com
John P. Bovich (CA Bar No. 150688)
E-mail: jbovich@reedsmith.com
Luisa M. Bonachea (CA Bar No. 267664)
Email: lbonachea@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:  (415) 543-8700
Facsimile:   (415) 391-8269

Attorneys for Defendant NETGEAR, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATE: July 12, 2011           By: /s/ Paul S. Grewal
                                  The Honorable Paul S. Grewal
                                  United States Magistrate Judge