UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br> Plaintiff,<br><br> v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br> Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER DENYING MOTIONS TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS<br><br>(re: Dkt. #135 and #136) |

Defendants D-Link Corporation and ZyXEL Communications Corporation (collectively "Moving Defendants") have each moved to dismiss pursuant to Rule 12(b)(5) for insufficient service of process. *See* Dkt. No. 135 ("ZyXEL Corp. Mot."); Dkt. No. 136 ("D-Link Mot."). This is now Moving Defendants' second set of motions to dismiss for insufficient process. The Court, somewhat reluctantly in light of the fact that Moving Defendants have had notice of this action for nearly a year and are represented by the same counsel as their U.S. counterparts who are also Defendants in this action, determined that Plaintiff's first effort at service (i.e., by hand delivery of the complaint and summons to Moving Defendants' Taiwanese headquarters) was insufficient under the relevant section of Federal Rule of Civil Procedure 4. Moving Defendants, yet again, seek dismissal for insufficient service, now arguing that Plaintiff's second effort at service (i.e., by

1

1   the letters rogatory process and by having the Clerk of this Court send service of process to

2   Moving Defendants by a form of mail requiring signed receipt) is also insufficient.  The Court

3   deems Moving Defendants' motions appropriate for resolution without oral argument pursuant to

4   Civil Local Rule 7-1(b), and vacates the September 8, 2011 motion hearing.  The September 8,

5   2011 case management conference, however, remains as set.  The Court rejects Moving

6   Defendants' arguments and DENIES their motions to dismiss.

## I. BACKGROUND

8   Moving Defendants are corporations organized under the laws of Taiwan, with a principal

9   place of business in Taiwan.  There is no dispute that Moving Defendants have received actual

10  notice of this action.  On October 15, 2010, Chi-yun Hsiao, an attorney in Taiwan, executed service

11  of process on both D-Link Corp. and ZyXEL Corp. by hand delivering Fujitsu's complaint,

12  summons, and other documents to D-Link Corp. and ZyXEL Corp.'s respective headquarters.  A

13  D-Link Corp. employee signed a receipt dated October 15, 2010 for D-Link Corp.  A ZyXEL Corp.

14  mailroom stamp served as acknowledgment of receipt for ZyXEL Corp.

15  On November 5, 2010, D-Link Corp and ZyXEL Corp. moved pursuant to Rule 12(b)(5) to

16  dismiss Fujitsu's claims against it for insufficient service of process.  On March 29, 2011, this

17  Court denied D-Link Corp and ZyXEL Corp's motions. Dkt. No. 101. The Court found that

18  Fujitsu's service of process on October 15, 2010 was insufficient under Federal Rule of Civil

19  Procedure 4(f)(2)(A) because it was not clear that hand delivery was a proper method of service

20  "prescribed" by Taiwanese law.  *Id.* at 10-11.  However, the Court found that there was a

21  reasonable prospect that service may yet be obtained through the letters rogatory process, and

22  therefore quashed Fujitsu's insufficient service to allow Fujitsu an opportunity to serve D-Link

23  Corp. and ZyXEL Corp. in an alternate manner.

24  On May 13, 2011, Fujitsu filed a motion for issuance of letter rogatory for both D-link Corp

25  and ZyXEL Corp. Dkt. No. 119.  The Court granted this motion on May 31, 2011 without

26  opposition from any Defendant. Dkt. No. 132. Concurrent with the letters rogatory process, Fujitsu

27  also delivered a letter to the Clerk of this Court requesting service by international mail, along with

28  a signature of receipt required as to both Moving Defendants pursuant to Federal Rule of Civil

1 Procedure 4(f)(2)(C)(ii) (allowing this method "unless prohibited by the foreign country's law").
2 The Clerk of the Court mailed this service the same day, and filed a Declaration thereof. Dkts. Nos.
3 125-26. On May 31, 2011, Fujitsu filed a Return of Service for both Moving Defendants. Dkts.
4 Nos. 127-28. On June 20, 2011, Moving Defendants filed the pending motion to dismiss for
5 insufficient service of process. Those motions are now ripe for the Court's review.

## II. ANALYSIS

Moving Defendants argue, in essentially identical motions, that Fujitsu's complaint against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because Fujitsu's attempted service through the Clerk of the Court is not a clearly prescribed method of service under the laws of Taiwan, and thus not in compliance with Federal Rule of Civil Procedure 4(f)(2)(C). Inexplicably, Moving Defendants also argue that Fujitsu has abandoned its attempt to obtain letters rogatory. As noted above, the Court *granted* Fujitsu's motion for issuance of letters rogatory on May 31, 2011, three weeks *prior* to the filing of the Moving Defendants' pending motions. Fujitsu argues that its service through the Clerk of the Court is sufficient under Federal Rule of Civil Procedure 4(f)(2)(C)(ii) because the method is not prohibited by the laws of Taiwan. In addition, Fujitsu contends that its letters rogatory process is still active and well under way.

### A. Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350, 119 S. Ct. 1322; 143 L. Ed. 2d 448 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1083 (3d ed. 2002 & Supp. 2003); *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986)). Rule 4(h)(2) governs service of process on a corporation "at a place not within any judicial district of the United States" and allows for such process to be made "in any

manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

### B. Fujitsu's Method of Service is Sufficient under Rule 4(f)(2)(C)(ii).

Here, Fujitsu seeks to rely on Rule 4(f)(2)(C)(ii). Under Rule 4(f)(2)(C)(ii), a foreign corporation may be served, "unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." As noted in the Court's Order of March 29, 2011, Fujitsu's prior attempt at service did not implicate Rule 4(f)(2)(C)(ii) because "Fujitsu did not claim to have mailed its complaint to D-Link Corp or ZyXEL Corp." *See* March 29, 2011 Order at 5, n.5. Fujitsu concedes that service by a Clerk of the Court is not expressly prescribed by Taiwan law. However, Fujitsu argues that its current method of service satisfies Rule 4(f)(2)(C)(ii) because it is not expressly prohibited. The Court agrees.

The vast majority of cases to consider the issue have held that a method of service is not prohibited under Rule 4(f)(2)(C)(ii) unless it is expressly prohibited by a foreign country's laws. *See, e.g.*, *Power Integrations, Inc. v. Sys. Gen. Corp.*, 2004 U.S. Dist. LEXIS 25414, *8 ("Thus, Rule 4(f)(2)(C) provides for service in a manner that, while not expressly prescribed by the laws of a foreign country, is not prohibited by those laws."). In fact, at least four courts, including two California district courts, have specifically held that Taiwan law does not prohibit service as per Rule 4(f)(2)(C)(ii). *See Fujitsu Ltd. v. Nanya Tech. Corp*. 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007); *Power Integrations*, 2004 U.S. Dist. LEXIS 25414, *8; *see also Trueposition, Inc. v. Sunon, Inc.* 2006 WL 1686635, at *5 (E.D. Pa. Jun. 14, 2006); *Emery v. Wood Indus.*, 2001 U.S. Dist. LEXIS 12914, *4-6 (D. N.H. August 20, 2001). The Court sides with this clear weight of authority. The Court also concludes that Fujitsu's method of service is reasonably calculated to give notice to the Moving Defendants of the pending action. *See* Fed. R. Civ. P. 4(f)(2) (providing for various methods of service that are "reasonably calculated to give notice"). Indeed, it is undisputed that Moving Defendants have had notice of this action since at least October 2010.

Moving Defendants urge the Court to consider the case, *Prewitt Enters, Inc. v. Org. of Petroleum Exporting Countries*, 224 F.R.D. 497, 502 (N.D. Ala. 2002). *Prewitt*, however, found the foreign country to have "statutory language expressly prohibiting the method of service

4

employed" by the plaintiff there, and thus found service under the method in Rule 4(f)(2)(C)(ii) expressly prohibited. *Id*. at 502 n.6. Moving Defendants point to dicta in *Prewitt* suggesting that the validity "of a given method of service depends on the judicial norms established by the foreign national itself" and that, for example, skywriting as a means of service "would be deemed unacceptable in any court." *Id*. The import of *Prewitt*'s dicta to the case at hand is unclear. Fujitsu did not attempt service on Moving Defendants by skywriting over Taiwan. Rather, Fujitsu requested that, concurrent with the letters rogatory process which it is still pursuing, the Clerk of the Court mail Moving Defendants packages containing the complaint, summons, and other documents, with each document in English and Mandarin Chinese.

The Court also rejects Moving Defendants peculiar argument that the Taiwan Relations Act, 22 U.S.C. §§3301, *et seq.*, somehow prevents service of process pursuant to Rule 4(f)(2)(C)(ii). Section 3303(b)(4) of the Taiwan Relations Act reads: "Whenever the application of the laws of the United States depends upon the law that is or was applicable on Taiwan or compliance therewith, the law applied by the people on Taiwan shall be considered the applicable law for that purpose." As Fujitsu argues, the Taiwan Relations Act does not override Rule 4(f)(2)(C)(ii) as a valid method of service of process. The Taiwan Relations Act has no bearing on service of process at all, and Moving Defendants have cited no cases supporting this strained argument. Section 3302(b)(4) merely attempts to ensure that Taiwan law is still considered when U.S. law calls for the consideration of foreign law, despite the absence of diplomatic relations. *See* 22 U.S.C. § 3303(a) ("The absence of diplomatic relations or recognition shall not affect the application of the laws of the United States with respect to Taiwan, and the laws of the United States shall apply with respect to Taiwan in the manner that the laws of the United States applied with respect to Taiwan prior to January 1, 1979."). Thus, as it would for any other country with which the U.S. had not severed diplomatic relations, the Court must examine whether Taiwan law prohibits service by mail by the Clerk of the Court. The answer is no.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Moving Defendants' motions to dismiss for insufficient service of process. The September 8, 2011 motion hearing is vacated. The September 8, 2011 case management conference remains as set.

**By 8:00 p.m., Wednesday, September 7, 2011**, the Court orders the parties to provide a joint supplemental case management conference statement identifying: (1) the date for their mediation, as provided for in the July 27, 2011 Case Management Order; and (2) in light of the instant Order denying Moving Defendants' motions to dismiss, a joint proposal for expedited fact discovery with respect to D-Link Corp. and ZyXEL Corp.

**IT IS SO ORDERED.**

Dated: September 6, 2011

_____
LUCY H. KOH
United States District Judge