UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>                Plaintiff,<br><br>    v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>                Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER RE: ADMINISTRATIVE MOTION TO SEAL; AND DENYING JOINT REQUEST TO TAKE FUJITSU'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL INFRINGEMENT CONTENTIONS OFF CALENDAR<br><br>(re: dkt #: 210, 216) |

On January 4, 2012, Plaintiff Fujitsu Limited ("Plaintiff") filed a notice of Motion for Leave to Serve Supplemental Infringement Contentions ("Motion") and an Administrative Motion for Administrative Relief to File Portions of Exhibits 1 and 2 to the Declaration of Philip A. Irwin Under Seal ("Sealing Motion"). *See* ECF Nos. 209, 210. On January 18, 2012, Plaintiff and Defendants filed a joint stipulation asking the Court to take Plaintiff's Motion off calendar because "the parties . . . are presently working on several stipulations that will resolve Fujitsu's motion, as well as a proposed amendment of Defendants' Invalidity Contentions and related issues, by agreement." ECF No. 216 at 2.

Notwithstanding the Parties' assertion that they "intend to finalize the stipulations and file them with the Court by Friday, January 20, 2012," *id.*, as of January 30, 2012, they have filed no

1

such stipulations.  Accordingly, the Court DENIES without prejudice the parties' joint request to take Plaintiff's Motion off calendar.  The Parties may renew this request upon filing their above-referenced stipulations.  Alternatively, Plaintiff is certainly welcome to withdraw its Motion.

Plaintiff's Sealing Motion requests sealing of certain documents that were designated "Highly Confidential – Attorneys' Eyes Only" by Defendants under the Stipulated Protective Order (ECF No. 122) in this matter.  Pursuant to Civil Local Rule 79-5(d), when a party moves to seal documents designated as sealable by another party, the designating party must file a supporting declaration within 7 days, or the sealing motion will be denied.  No supporting declaration was filed by any Defendant in response to the January 4, 2012 Sealing Motion.

As noted in the Protective Order, simply designating information as confidential does not entitle the parties to file it under seal.  *See* Stipulated Protective Order, ¶ 1, ECF No. 122.  If any Defendant objects to the public filing of the documents identified in Plaintiff's Sealing Motion, it shall file a declaration stating the basis for asserting confidentiality as to each exhibit Plaintiff seeks to seal.  These declarations must be filed by February 3, 2012.  If no declaration is received, the Court will order the relevant documents to be publicly filed without sealing.

The Parties are on notice that, in the future, failure to follow the local rules and to submit declarations in support of motions to seal will result in denial of sealing motions and public filing of documents.

**IT IS SO ORDERED.**

Dated: January 30, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge