UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>                    Plaintiff,<br><br>      v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>                    Defendants. | Case No.: 10-CV-03972-LHK<br><br>PRETRIAL CONFERENCE ORDER |

Clerk:  Martha Parker Brown
Reporter:  Lee-Anne Shortridge
Plaintiff's Attorneys:  Brianne Bharkhda, R. Jason Fowler, Robert D. Fram, Thomas E. Garten,
           Philip A. Irwin, Jeffrey T. Pearlman, Gary M. Rubman, William E. Zapf
Defendant's Attorneys:
       Netgear, Inc.:  Scott D. Baker, John P. Bovich, Seth B. Herring
       D-Link Corporation and D-Link Systems, Inc.:  Duncan M. Palmatier
       Belkin International, Inc. and Belkin, Inc.:  David S. Bloch, David P. Enzminger,
           Joshua S. Wyde

       A pretrial conference was held on November 1, 2012, at 2:00 p.m.  An additional hearing is currently set for November 20, 2012, at 3 p.m.  By November 19, 2012, at 10:00 a.m., the parties shall file a joint statement regarding whether a hearing is necessary.  If the parties believe that a further conference is necessary, the parties shall file a joint statement, not to exceed 3 pages, identifying any new or outstanding issues requiring resolution.

TRIAL SCHEDULE:  Trial is set to begin on Monday, November 26, 2012, at 9:00 a.m., and is scheduled to last ten days.  Each morning of trial, the parties will convene at 8:45 a.m. in order to resolve any outstanding issues.  The parties shall notify the Court by 6 p.m. the day before if an issue is likely to be particularly time consuming such that the parties will need to convene at 8:30 a.m.

       At the November 1, 2012 pretrial conference, the Court issued the following rulings for reasons stated on the record:

BIFURCATION/SEPARATION OF TRIAL:
- The Court will not bifurcate the trial.  Accordingly, by November 6, 2012, the parties shall file a joint statement informing the Court whether they are willing to stipulate to dismiss

- Plaintiff's claims involving non-selected accused products without prejudice and with a tolling agreement.

- Laches and Equitable Estoppel: The Court will not ask the jury to issue an advisory verdict on Defendants' laches and equitable estoppel defenses. Thus, evidence and argument exclusively devoted to these defenses are excluded. However, laches and equitable estoppel evidence and argument that overlap with Defendants' defenses to indirect infringement and willfulness are not excluded.

- Unclean Hands and Spoliation: The parties' dispute regarding unclean hands is not ripe. Thus, the Court will not issue a ruling. Absent a ruling, Defendants will not be permitted to make any statement about spoliation in their opening arguments.

STIPULATION REGARDING AMOUNT OF REVENUE FOR ACCUSED PRODUCTS (EXCLUDING EXTERNAL DEVICES): By November 8, 2012, the parties shall inform the Court whether they will be able to stipulate to the amount of revenue for the sale of kits and cards at issue in this trial.

REVISED EXHIBIT LISTS: By November 9, 2012, the parties shall file revised exhibit lists, which shall be limited to no more than 300 exhibits for Fujitsu and 250 exhibits for each Defendant. These revised exhibit lists will apply only to the case-in-chief. Parties must demonstrate good cause to use or seek to admit any exhibit during trial that is not on the parties' list of exhibits. By November 16, 2012, the parties shall file with the Court any stipulations regarding custodians of record and the admissibility of documents such as correspondence and re-examinations.

REVISED WITNESS LISTS: By November 16, 2012, the parties shall file their reduced witness lists indicating how many of the witnesses are "will call" vs. "may call" witnesses, in addition to whether the witnesses are going to testify in person or by deposition.

REVISED EXHIBIT AND WITNESS LISTS PERTAINING TO DAMAGES: On November 16, 2012, the parties shall exchange their reduced exhibit lists for damages. These exhibits count towards the parties respective 300 and 250 exhibit limits. On November 20, 2012, the parties shall exchange their reduced witness lists for damages as well as any stipulations regarding damages evidence.

SEQUESTRATION OF FACT WITNESSES: Except for corporate representatives, all fact witnesses are excluded from the Courtroom during the trial except during their testimony.

WITNESS BINDERS: The parties shall meet and confer regarding whether they want to have witness binders, exhibits per witness, or just one master set of exhibits.

PROCEDURE FOR OBJECTIONS: Any witness that a party intends to call must be identified by 7 p.m. three days before the witness is to be called. At that time, the party intending to call the witness must provide demonstratives and a list of all exhibits and deposition designations the party intends to use with that witness.[1] By noon two days before the witness is to be called, the opposing

---

[1] During the Pretrial Conference, the Court tentatively agreed to the Parties' proposed stipulation that witnesses must be identified by 7 p.m. two days before the witness is to be called. However, in order to allow the parties sufficient time to meet and confer and, if necessary, file any objections

party must provide demonstratives and a list of all exhibits and counter deposition designations the opposing party intends to use with that witness. The parties are required to meet and confer regarding their objections to the witness, demonstratives, exhibits, and deposition designations. By 8 a.m. one day before the witness is to be called, the parties must file their objections to the opposing party's evidence and responses to the opposing party's objections. Lead trial counsel must sign, and certify that they have reviewed and approved, their party's objections and responses. Each party is limited to no more than three objections per witness.

FOREIGN LANGUAGE INTERPRETERS: For each witness requiring a foreign language interpreter, the parties shall stipulate to a mutually-agreed upon individual to serve as an official interpreter with the authority to resolve any translation disputes raised by the parties' check interpreters.

JURY BINDERS: The parties shall prepare binders for each member of the jury that will include: (1) a tab for preliminary jury instructions; (2) the FJC sample patent; (3) the patent at issue in this case; (4) a two-column chart that states the claims that are being asserted in the left-hand column with the construed terms highlighted, and the Court's construction of these terms in the right-hand column; (5) a glossary of mutually-agreed upon key terms; (6) a tab for witnesses; (7) blank paper for notes; and (8) a tab for final jury instructions. For each witness, the party calling said witness will be responsible for providing a three-hole punched photograph of the witness which will be given to the Courtroom Deputy at the time that the witness first takes the stand. The photograph must reflect the witness's appearance at trial, including the same eyewear, hair style, and attire. The parties shall deliver the jury binders to the Court's chambers by 11:00 a.m. on Wednesday, November 21, 2012.

JURY SELECTION: The Court will seat 9 jurors, as set forth in the Court's September 20, 2012 Case Management Order. Each side will have 3 peremptory challenges.

JURY VOIR DIRE: The Court will not use any jury questionnaires. Jury voir dire will be conducted orally, and each party will have 5 minutes for jury voir dire.

THE FJC PATENT VIDEO: The Court will show the FJC Patent video to the jury. The parties are responsible for obtaining and showing the video.

REVISED PRELIMINARY JURY INSTRUCTIONS: By November 15, 2012, the parties will submit joint and disputed preliminary jury instructions in one document. For the instructions on which the parties disagree, the parties shall submit separate proposals with a 1-paragraph explanation of why their proposed instruction should be adopted.

TENTATIVE FINAL JURY INSTRUCTIONS: By December 5, 2012, the parties shall submit joint and disputed final jury instructions in one document. For the instructions on which the parties disagree, the parties shall submit separate proposals with a 1-paragraph explanation of why their proposed instruction should be adopted.

VERDICT FORM: The parties shall file a joint proposed verdict form by December 5, 2012.

---

regarding said witness, the Court concludes that a witness must instead be identified by 7 p.m. at least *three* days before he or she is to be called to testify.

Case No: 10-CV-03972-LHK
PRETRIAL CONFERENCE ORDER

3

POST VERDICT PROCEEDINGS: The parties shall meet and confer regarding a schedule for post-verdict proceedings and shall file a joint proposal by December 10, 2012.

MOTIONS IN LIMINE: After reviewing the parties' briefing, considering the parties' oral arguments and the record in this case, and balancing the considerations set forth in Rule 403 of the Federal Rules of Evidence ("FRE 403"), the Court issued the following rulings on the motions in limine for the reasons stated on the record.

FUJITSU LIMITED'S CONSOLIDATED MOTIONS IN LIMINE (ECF No. 317):

- Fujitsu's Motion in Limine #1 to exclude evidence and argument regarding whether Fujitsu mischaracterized references before the PTO or that the PTO's examination of the '769 patent was inadequate is GRANTED in part, and DENIED in part, for the reasons stated on the record. A relitigation of the reexamination, specifically evidence and arguments that Fujitsu mischaracterized references before the PTO and that the PTO's examination of the '769 patent was inadequate, is excluded under a FRE 403 balancing test. However, as part of their defenses to willfulness and intent to induce infringement, Defendants are permitted to introduce evidence regarding specific prior art references relied upon by their Opinion Counsel when reconsidering their invalidity opinions. The Court recognizes that fine lines in specific contexts will have to be drawn which may require rulings on objections to individual questions.

- Fujitsu's Motion in Limine #2 to exclude evidence and argument regarding the PTO's interim office actions and decisions as to claims not presently asserted is GRANTED in part, and DENIED in part, for the reasons stated on the record. Fujitsu's motion to exclude evidence and argument regarding the PTO's interim office actions is GRANTED pursuant to FRE 402 and 403. The request is DENIED as to the PTO's cancellation of claims Fujitsu asserted against Defendants before and during the litigation. Defendants may rely on the cancellation of claims for the purpose of disproving willfulness and intent to induce infringement. This evidence cannot, however, be introduced for the purpose of disputing the validity of the claims that were confirmed on reexamination.

- Fujitsu Limited's Motion in Limine #3 to exclude evidence and argument regarding the Japanese Patent Office's interim and final actions is GRANTED. However, Fujitsu's Motion in Limine #3 is DENIED to the extent it seeks to exclude Fujitsu's 30(b)(6)'s witness's statement on the Japanese Invention Disclosure Document (FUJ0020161) that the inventiveness and inventive step of the invention at issue in this trial were "on the border." This witness was Fujitsu's Patent Department Chief. Thus, the Court finds the statement highly probative and admissible under FRE 403. Plaintiff shall have until November 6, 2012, to propose a limiting instruction or limiting proposal regarding this evidence.

- Fujitsu Limited's Motion in Limine #4 to exclude evidence of pre-suit settlement communications, if offered for any purpose other than to show notice of the '769 patent, is GRANTED for the reasons stated on the record. However, advice of counsel letters and charts that were relied upon by Defendant's corporate reliers will be admissible for the limited purpose of disproving willfulness and intent to induce infringement.

- Fujitsu Limited's Motion in Limine # 5(a) to exclude testimony from Dr. Mihran, Defendants' invalidity expert, regarding whether the plain meaning of "card" includes

4

Case No: 10-CV-03972-LHK
PRETRIAL CONFERENCE ORDER

cartridges" is DENIED for the reasons stated on the record.

- Fujitsu Limited's Motion in Limine # 5(b) to exclude testimony from Dr. Mihran that the plain meaning of "inserted into a slot" includes "installation onto the connector of a motherboard" is DENIED for the reasons stated on the record.

- Fujitsu Limited's Motion in Limine # 5(c) to preclude Defendants from advancing their new "data transfer circuit" theory for Murakami is DENIED for the reasons stated on the record.

- Fujitsu Limited's Motion in Limine # 5(d) to bar Defendants from asserting previously undisclosed references and obviousness combinations is GRANTED to the extent that: (1) Defendants will be precluded from introducing at trial prior art references that were not disclosed in Defendants' invalidity contentions and that exceed the limitations previously imposed by the Court; (2) Defendants will be precluded from asserting obviousness combinations that were not disclosed through a claim chart in Defendants' invalidity contentions; and (3) Defendants will be precluded from relying on obviousness combinations that were not identified in Defendants' expert report and were not opined upon by the expert.  Further, the Court clarifies that its limitation on "prior art references" applies to documents that *include* articles and other documents referencing prior art, rather than just actual, specific items of prior art.  Defendants will submit a reduced election of prior art and obviousness combinations by November 9, 2012.[2]

DEFENDANTS' JOINT MOTIONS IN LIMINE (ECF No. 318):

- Defendants' Motion in Limine #1 to exclude argument regarding claim construction and evidence or argument inconsistent with the Court's claim construction is GRANTED in part, and DENIED in part, for the reasons stated on the record.  No party will be permitted to introduce testimony that is inconsistent with the claim construction and summary judgment orders.  However, to the extent that this motion seeks to preclude Dr. Williams from testifying regarding invalidity, it is DENIED.  *See* Fujitsu Limited's Motion in Limine #5(a) & (b).

- Defendants' Motion in Limine #2 to exclude evidence and argument inconsistent with claim construction applied throughout discovery or, in the alternative, grant Defendants' relief from RFA responses and summary judgment of infringement is DENIED for the reasons stated on the record.  *See* Fujitsu Limited's Motion in Limine #5(a) & (b).

- Defendants' Motion in Limine #3 to exclude evidence or argument regarding enablement of Murakami prior art is GRANTED for the reasons stated on the record.

- Defendants' Motion in Limine #4 to exclude evidence or argument regarding testimony by Chia-Yu Chang is DENIED for the reasons stated on the record.

- Defendants' Motion in Limine #5 to exclude evidence or argument regarding offers Defendants made pursuant to Rule 408 of the Federal Rules of Evidence for prohibited uses

---

[2] Accordingly, Fujitsu Limited's Administrative Motion for Leave to File Motion to Supplement the Record on its Motion *In Limine* No. 5 (ECF No. 349) is DENIED.

5

Case No: 10-CV-03972-LHK
PRETRIAL CONFERENCE ORDER

to establish liability is GRANTED.  *See* Fujitsu Limited's Motion in Limine #4.

- Defendants' Motion in Limine #6 to exclude evidence or argument that Fujitsu invented "card," "external device," "wireless transmitter/receiver unit" (e.g., "radio amplifier" or "band-pass filter") or "data transfer circuit" is DENIED for the reasons stated on the record.

- Defendants' Motion in Limine #7 to preclude Fujitsu from presenting evidence of alleged third-party praise, or copying, that does not expressly relate to the claimed features of the '769 patent is DENIED for the reasons stated on the record.

- Defendants' Motion in Limine #8 to exclude evidence or argument regarding the Zyxel settlement is DENIED.  Defendants shall, however, submit a limiting proposal by November 6, 2012.

*DAUBERT* Motions:  The Court will resolve the objections set forth in the parties' *Daubert* Motions in a separate order.

**IT IS SO ORDERED.**

Dated: November 13, 2012

_____
LUCY H. KOH
United States District Judge