UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED, | Case No.: 10-CV-03972-LHK |
| Plaintiff, | |
| v. | PRETRIAL CONFERENCE ORDER |
| BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC., | |
| Defendants. | |

A pretrial conference was held on November 1, 2012, at 2:00 p.m. An additional hearing will be held on November 20, 2012, at 3:00 p.m. In order to limit the issues that need to be addressed at the November 20, 2012 pretrial conference, the Court issues the following rulings:

LIMITING PROPOSAL RELATED TO JAPANESE PATENTABILITY OF THE INVENTION:
- Document Bates stamped FUJ0020161 is relevant pursuant to Federal Rules of Evidence ("FRE") 401 and 402, and is more probative than prejudicial pursuant to FRE 403. The Court DENIES Fujitsu's Proposal on the Use of Evidence Related Solely to the Japanese Patentability of the Invention, ECF No. 352, and GRANTS Defendant's limiting instruction, as proposed in Defendants' Corrected Joint Response, ECF No. 358.

STAY OF NON-SELECTED PRODUCTS AND TOLLING AGREEMENT:
- On November 13, 2012, the parties submitted an updated joint status report regarding negotiation of a tolling agreement. ECF No. 364. Pursuant to the Court's inherent case management powers, the Court rejects D-Link Corporation's proposal that the tolling agreement state explicitly that nothing in the agreement shall waive D-Link Corporation's objection to personal jurisdiction and its service-of-process defenses under Rule 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. The Court accepts Defendants' suggested provision regarding discovery. Fact and expert discovery on accused products has closed and may not be reopened. The parties shall file a tolling agreement with the Court by November 21, 2012, at 6:00 p.m.

DEPOSITION TESTIMONY:
- By November 21, 2012, at 12:00 p.m., Defendants shall submit a revised list of its deposition designations that accounts more realistically for the 20-hour time limit which has been set by the Court.

CLAIM CONSTRUCTION IN JURY BINDERS:
- The Court DENIES Defendants' proposed claim constructions for the jury binders. Consistent with the Court's prior rulings, the jury binders shall state that the term "card" should be given its plain and ordinary meaning, and the term "slot" should be construed to mean "an opening."  *See* ECF No. 307.

QUESTIONS BY JURORS:
- Questions by jurors will not be permitted.

VOIR DIRE:
- To facilitate *voir dire*, the parties are ordered to file a joint list of companies, attorneys, law firms, and witnesses involved in this case for the prospective jurors to use in identifying potential relationships and conflicts.  The list also shall state the dates and times of trial, include two columns of names per page, and shall be double-sided and single-spaced.  The parties shall e-file the list and shall bring 35 printed copies of the list to the Court's Chambers by 11:00 a.m. on Wednesday, November 21, 2012.

**IT IS SO ORDERED.**

Dated: November 20, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge