UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>　　　　Defendants. | Case No.: 10-CV-03972-LHK<br><br>PRETRIAL CONFERENCE ORDER |

A pretrial conference was held on November 1, 2012, at 2:00 p.m. An additional pretrial hearing was held on November 20, 2012, at 3:00 p.m. At the November 20, 2012 pretrial conference, the Court issued the following rulings for the reasons stated on the record:

TRIAL SCHEDULE: Trial is set to begin on Monday, November 26, 2012, at 9:00 a.m., and is scheduled to last ten days. On the first day of trial, November 26, 2012, the parties shall convene at 8:30 a.m. Otherwise, the parties will convene at 8:45 a.m. each morning, unless the parties notify the Court otherwise.

LUNCH FOR JURORS:
- The parties' proposal to contribute toward paying for the jurors' lunch during trial is appreciated but declined.

JURY BINDERS AND EXHIBITS:
- By 11:00 a.m. on November 21, 2012, the parties are to bring the jury binders to the Court's chambers.
- Any additional exhibits or documents that must be delivered to the Court shall be delivered to Courtroom 8 rather than the Clerk's office.

PRELIMINARY JURY INSTRUCTIONS:
- By November 21, 2012, at 12:00 p.m., the parties shall submit any new objections or responses to the Court's tentative preliminary jury instructions. *See* ECF No. 392.

FUJITSU'S CORRECTED MOTION TO ENFORCE THE COURT'S ORDERS ON FUJITSU'S MIL#5 AND PRIOR ART [ECF NO. 382]:
- In Defendants' list of Prior Art References and Obviousness Combinations, Defendants shall not be permitted to elect or rely on prior art references that were not disclosed in both Defendants' invalidity contentions and expert reports. *See* Patent Local Rule 3-3; Fed. R.

Civ. P. 26; *see also* ECF No. 307 at 14.

- For the limited purpose of disproving willfulness and active inducement, Defendants shall be permitted to introduce prior art references identified in Defendants' invalidity contentions and expert reports regarding patent claims that were asserted previously in this lawsuit. By November 23, 2012, Defendants shall propose a limiting instruction in accordance with this ruling.

- The Court will permit Defendants to include the following in their list of Prior Art References and Obviousness Combinations:
    o PC Standard Initial Release, Rev. 1.0 and 1.0a, November 1990, Author: Personal Computer Memory Card International Association ("PCMCIA") (DTX0458);
    o Hewlett Packard Modem 82950A Interface System (DTX0599, DTX0600) and HP 82950A Modem Owner's Manual Series 80, 1982, Hewlett Packard (DTX0710); and
    o the ArLAN and VIC-20 combination.

- The Court will not allow Defendants to include in their list of Prior Art References and Obviousness Combinations: John Reimer, Memories in My Pocket, BYTE Magazine (Feb. 1991) (DTX0526).

- The Court is concerned that Defendants may seek to introduce "state of the art" or background material as an end run around the Court's order requiring Defendants to limit their prior art references to 18. To ensure that Defendants do not rely on these materials improperly, by November 23, 2012, Defendants shall propose a limiting instruction on the use of these materials.

- By November 23, 2012, Defendants shall propose a limiting instruction stating that prior art references upon which opinion counsel relied may be considered for the limited purpose of disproving willfulness and active inducement, but shall not be considered for the purpose of proving invalidity.

- By 2:00 p.m.[*] on November 21, 2012, Defendants shall file their revised list of Prior Art References and Obviousness Combinations. To maintain consistency with the Court's ruling during the November 1, 2012 pretrial conference, however, the Court seeks to clarify that, for prior art that describes a "system," Defendants will be permitted to list multiple documents if those documents are necessary to describe the system. *See* PTC Tr. at 85:6–86:15. Accordingly, Defendants may use the references they previously identified in their motion to the Court filed at ECF No. 387, at 2, with the exclusion of the reference to John Reimer. This is not an invitation to add any further references.

STIPULATIONS:
- By November 23, 2012, the parties shall file a stipulation on admissibility of exhibits.
- By November 23, 2012, the parties shall also file a stipulation, if agreed upon, regarding excessively-sized documents.

---

[*] While the Court originally ordered Defendants to provide this revised list by 12:00 p.m., the Court will permit Defendants an extra two hours in light of this clarification.

2
Case No: 10-CV-03972-LHK
PRETRIAL CONFERENCE ORDER

NETGEAR's WITNESS
- The Court will permit Netgear's witness, Charles Olson, to testify at trial despite counsel's omission of his name on the witness list or in the initial disclosures. The Court finds, pursuant to Rule 403 of the Federal Rules of Evidence ("FRE"), that Mr. Olson's testimony will be more probative than prejudicial as Mr. Olson was the addressee on opinions of counsel letters from 2003, 2004, and 2009, and was disclosed previously in the deposition of Mr. Busse, Netgear's 30(b)(6) witness on reliance. Accordingly, the parties shall arrange a deposition of Mr. Olson, at the convenience of Fujitsu, as soon as possible. The Court will be mindful of this ruling should Fujitsu need similar consideration in the future.

REVISED EXHIBIT AND WITNESS LISTS:
- By November 23, 2012, the parties shall file their final witness and exhibit lists with the Court.

INTERVENING RIGHTS:
- Evidence and argument devoted exclusively to D-Link and Netgear's intervening rights defense will be excluded from trial and addressed in post-trial motions, except to the extent that it overlaps with evidence that is otherwise admissible. However, D-Link's witness, Robert Lin, will be permitted to testify about this defense during trial because of travel and interpreter constraints which, pursuant to FRE 403, justify an exception to the Court's holding.

SETTLEMENT:
- If the parties reach a settlement in this case, they shall promptly e-file their notice of settlement and e-mail LHKCRD@cand.uscourts.gov. If the parties reach a settlement in this case after 4:00 p.m. on Sunday, November 25, 2012, the parties will be required to pay the Court's expenses for jurors that arrive for duty on Monday morning, including juror fees, mileage and parking expenses.

**IT IS SO ORDERED.**

Dated: November 21, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge