COVINGTON & BURLING LLP
Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
Thomas E. Garten (tgarten@cov.com) (CA Bar No. 247122)
One Front Street
San Francisco, CA 94111-5356
Telephone:    (415) 591-6000
Facsimile:     (415) 591-6091

COVINGTON & BURLING LLP
Philip A. Irwin (pirwin@cov.com) (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:    (212) 841-1000
Facsimile:     (212) 841-1010

COVINGTON & BURLING LLP
Gary M. Rubman (grubman@cov.com) (admitted *pro hac vice*)
R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
William E. Zapf (wzapf@cov.com) (admitted *pro hac* vice)
Brianne Bharkhda (bbharkhda@cov.com) (admitted *pro hac* vice)
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:    (202) 662-6000
Facsimile:     (202) 662-6291

*Attorneys for Plaintiff Fujitsu Limited*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>            Plaintiff,<br><br>     v.<br><br>BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC.,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 10-cv-03972-LHK (PSG) |

**FUJITSU LIMITED'S OPPOSITION TO DEFENDANTS' RESPONSE TO THE COURT'S TENTATIVE PRELIMINARY JURY INSTRUCTIONS**

## I. INTRODUCTION

Plaintiff Fujitsu Limited ("Fujitsu") hereby submits this opposition to Defendants' Response to the Court's Tentative Preliminary Jury Instructions (Dkt. No. 394). As the Court granted Defendants' request to alter the Court's tentative jury instructions before Fujitsu had an opportunity to respond, it is unclear to Fujitsu the proper procedure to use to request that the Court return to its original instruction in light of more complete briefing on the issue of elements for induced infringement. Accordingly, Fujitsu respectfully requests that the Court consider this short submission.

## II. DEFENDANTS' REQUEST TO MODIFY TENTATIVE INDUCEMENT INSTRUCTION WAS IMPROPER AND CONTRARY TO THE LAW

Defendants' November 21st request (Dkt. No. 394) should have been rejected because it was made in direct contravention of the Court's instruction that the parties were to refrain from reasserting arguments previously made to the Court. *See* Dkt. No. 396 ("the parties shall submit any ***new*** objections or responses to the Court's tentative preliminary jury instructions") (emphasis added). Indeed, the parties' previous joint submission on the preliminary jury instructions (Dkt. No. 368) set forth the parties' differing positions (and supporting arguments) as to whether a belief that a patent is invalid is relevant to the issue of specific intent to induce infringement. The Court adopted Fujitsu's approach. Defendants' November 21st request did not raise any new arguments or authorities in support of their position. They merely recycled the same arguments they have made in the past.

In any event, Defendants' request should have been rejected on the merits. The language in the Court's tentative instruction—"have known that the acts it was causing would be infringing"—correctly stated the elements for an inducement claim and is consistent with the language used in the most recent Federal Circuit case on this issue. *See Akamai Tech., Inc. v. Limelight Networks*, 692 F.3d 1301, 1309 (Fed. Cir. 2012); *id.* at 1318 ("In the McKesson case, Epic can be held liable for inducing infringement if it can be shown that (1) it knew of McKesson's patent, (2) it induced the performance of the steps of the method claims in the patent, and (3) those steps were performed."). According to the Federal Circuit, the focus of

1

the specific intent inquiry is on whether the accused infringer induced performance of the steps necessary to cause infringement.  *See Akamai*, 692 F.3d at 1309, 1318; *see also LadaTech, LLC v. Illumina, Inc.,* 2012 WL 1188266, *2 (D. Del. 2012) (accused infringer's beliefs regarding invalidity are not relevant to a defense to inducement of infringement).  In a number of recent cases involving induced infringement, this Court and others have also (correctly) focused on this inquiry.  *See, e.g., Advanced Software Design Corp. v. Fiserve, Inc.*, 641 F.3d 1368, 1376 (Fed. Cir. 2011); *Genentech v. Univ. of Penn.*, 2012 WL 1670167, *13-14 (N.D. Cal. May 14, 2012); *Mformation Techs., Inc. v. Research In Motion, Ltd.*, 830 F. Supp. 2d 815, 842 (N.D. Cal. 2011).

Moreover, the explanation of the elements of inducement in the Court's tentative preliminary instructions is consistent with the model patent jury instructions for the Northern District of California.  Although the model instructions (which were issued prior to the Federal Circuit's clarification of the requirements for induced infringement in *Akamai*) note that the issue has not yet been completely settled, they nonetheless direct that the jury should be instructed that, "[i]n order to be liable for inducement of infringement, [the alleged infringer] must:  1. have intentionally taken action that actually induced direct infringement by another; 2. have been aware of the [ ] patent; and 3. have known that the acts it was causing would be infringing."  Fujitsu's proposed instruction (and the original instruction the Court adopted) is consistent with the model instruction.  Defendants' proposed instruction (and the new instruction the Court adopted) is not.

Defendants have not cited any new authority that would justify deviating from the model instructions or the most recent cases on specific intent.  Defendants' previous assertion that *Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, 554 F.3d 1010, 1024-25 (Fed. Cir. 2009) stands for the proposition that "the absence of intent to infringe may be based on a belief that the patent-at-issue is invalid" is incorrect.  *See* Dkt. No. 368-1 at 16:13-15.  In *Kinetic*, there was no mention of the accused infringers' beliefs about validity; the court upheld the jury's lack of intent finding because the accused infringers did not believe they were causing infringement of the patent.  554 F.3d at 1024-25.  Defendants' repeated prior

1  reliance on *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323 (Fed. Cir. 2008), is also
2  unavailing, as that case involved only issues of willfulness, not inducement.
3        Accordingly, Fujitsu objects to the instruction on the elements of induced infringement
4  set forth in the Court's Order regarding preliminary jury instructions (Dkt. No. 399 at 24).
5  The inducement instruction included in the Court's tentative preliminary jury instructions
6  (Dkt. No. 392 at 23) was correct and should be given to the jury.

DATE:  November 23, 2012

COVINGTON & BURLING LLP

By:  /s/ Robert D. Fram

Robert D. Fram (rfram@cov.com)
Thomas E. Garten (tgarten@cov.com)
Jeffrey T. Pearlman (jpearlman@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:   415.591.6000
Facsimile:    415.591.6091

Philip A. Irwin (pirwin@cov.com)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:   212.841.1000
Facsimile:    212.841.1010

Gary M. Rubman (grubman@cov.com)
R. Jason Fowler (jfowler@cov.com)
William E. Zapf (wzapf@cov.com)
Brianne Bharkhda (bbharkhda@cov.com)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:   202.662.6000
Facsimile:    202.662.6291

Attorneys for Plaintiff and Counterclaim-Defendant FUJITSU LIMITED

3

OPPOSITION TO DEFENDANTS' RESPONSE TO THE COURT'S           CASE NO. 10-CV-03972-LHK (PSG)
TENTATIVE PRELIMINARY JURY INSTRUCTIONS