1 COVINGTON & BURLING LLP
Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
2 Thomas E. Garten (tgarten@cov.com) (CA Bar No. 247122)
Jeffrey T. Pearlman (jpearlman@cov.com) (CA Bar No. 254759)
3 One Front Street
San Francisco, CA 94111-5356
4 Telephone: (415) 591-6000
Facsimile: (415) 591-6091
5
COVINGTON & BURLING LLP
6 Philip A. Irwin (pirwin@cov.com) (admitted *pro hac vice*)
The New York Times Building
7 620 Eighth Avenue
New York, NY 10018-1405
8 Telephone: (212) 841-1000
Facsimile: (212) 841-1010
9 COVINGTON & BURLING LLP
Gary M. Rubman (grubman@cov.com) (admitted *pro hac vice*)
10 R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
William E. Zapf (wzapf@cov.com) (admitted *pro hac vice*)
11 Brianne Bharkhda (bbharkhda@cov.com) (admitted *pro hac vice*)
1201 Pennsylvania Avenue, NW
12 Washington, DC 20004-2401
Telephone: (202) 662-6000
13 Facsimile: (202) 662-6291

14 Attorneys for Plaintiff Fujitsu Limited

15 [COUNSEL FOR DEFENDANTS LISTED ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FUJITSU LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC.,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 10-cv-03972-LHK (PSG)<br><br>**JOINT STIPULATION AND [~~PROPOSED~~] ORDER RE: ADMISSIBILITY OF TRIAL EXHIBITS**<br><br>Trial:　　　November 26, 2012<br>Time:　　　 9:00 a.m.<br>Location:　　Courtroom 8, 4th Floor<br>Before:　　 The Honorable Lucy H. Koh |

1      Pursuant to the Court's instructions at the November 1, 2012 Pretrial Conference,

2   Plaintiff Fujitsu Limited ("Fujitsu") and Defendants Belkin International, Inc., Belkin, Inc.,

3   D-Link Corporation, D-Link Systems, Inc., and NETGEAR, Inc. ("Defendants") have

4   conferred regarding the admissibility of certain trial exhibits, and

5      IT IS HEREBY STIPULATED, by and between Fujitsu and Defendants, that the trial

6   exhibits listed in Attachment A to this Stipulation shall be treated as follows:

7        Table 1:  The "PTX" exhibits listed in Table 1 may be admitted into evidence

8        without restriction.[1]

9        Table 2:  The "DTX" exhibits listed in Table 2 may be admitted into evidence

10       without restriction.

11       Table 3:  The "DTX" exhibits listed in Table 3 may be admitted into evidence

12       only to show the state of the art at the time of the invention, but not used for

13       purposes of proving invalidity.  Pursuant to the Court's Pretrial Conference Order

14       (Dkt. No. 396) and the November 20, 2012 Transcript of Proceedings, a limiting

15       instruction is required for the exhibits listed in Table 3.

16       Table 4:  The "DTX" exhibits listed in Table 4 may be admitted into evidence

17       for the limited purpose of lack of willfulness and active inducement, but shall not be

18       considered for purposes of proving invalidity.  Pursuant to the Court's Pretrial

19       Conference Order (Dkt. No. 396) and the November 20, 2012 Transcript of

20       Proceedings, Dr. Mihran cannot opine on these exhibits and a limiting instruction is

21       required for the exhibits listed in Table 4.

22       Table 5:  The "DTX" exhibits listed in Table 5 may be admitted into evidence

23       (i) to show the state of the art at the time of the invention; and (ii) for the limited

24       purpose of disproving willfulness and active inducement.  These exhibits shall not

---

[1] Defendants note that PTX8, PTX12, PTX16, PTX19, PTX21, PTX33, PTX39, PTX42, PTX48, PTX54, PTX80, PTX85, PTX89, PTX93, and PTX100 are physical exhibits and related packaging that they have not yet had an opportunity to inspect.  As such, Defendants reserve their rights to object to these samples if they are not what they purport to be, or if they have been damaged or modified.

STIPULATION AND [PROPOSED] ORDER RE: ADMISSIBILITY     1
OF TRIAL EXHIBITS, Case No. 10-cv-03972-LHK (PSG)

be used as a prior art reference for purposes of proving invalidity.  Pursuant to the Court's Pretrial Conference Order (Dkt. No. 396) and the November 20, 2012 Transcript of Proceedings, a limiting instruction is required for the exhibits listed in Table 5.

<u>Table 6</u>:  Fujitsu agrees that it will not dispute the authenticity of the "DTX" exhibits listed in Table 6.  Fujitsu reserves any other objections as to these exhibits.

<u>Table 7</u>:  Fujitsu contends that the "DTX" exhibits listed in Table 7 are barred from the case pursuant to the Court's Pretrial Conference Order (Dkt. No. 396) and the November 20, 2012 Transcript of Proceedings (Tr. at 49:5 – 54:25) because they were not disclosed in Defendants' invalidity contentions and/or not disclosed in Defendants' expert report regarding invalidity.  Defendants contend that these documents may be admitted as "state of the art" under the Court's order with an appropriate limiting instruction.  Fujitsu does not assert any other objections to the exhibits listed in Table 7.

<u>Table 8</u>:  Fujitsu contends that the exhibits listed in Table 8 are barred by the Court's order on Fujitsu's motion *in limine* concerning pre-suit correspondence and licensing discussions.  Defendants contend that they may be admitted as to willfulness and inducement.  Fujitsu does not assert any other objections to the documents in Table 8.  If the Court rules that these exhibits may be admitted as to willfulness and inducement, it is Fujitsu's position that the Court should provide a limiting instruction and the documents should be redacted such that only the information relating to invalidity comes into evidence.

Nothing in this Stipulation shall limit the rights of Fujitsu or Defendants to make any arguments with respect to the merits of the claims and defenses in this action.

Fujitsu and Defendants agree that this Stipulation may not be used by either party to introduce evidence that would be excluded by one of the Court's rulings on Motions *in Limine* and/or *Daubert* issues.

1  Fujitsu and Defendants further agree that this Stipulation embodies the entire
2  agreement between them, and that the details of negotiations regarding the preparation of
3  this Stipulation may not be used by any party in this action to vary the terms of this
4  agreement.

Respectfully submitted,

DATE:  November 23, 2012       COVINGTON & BURLING LLP

By: /s/ Robert D. Fram[2]

Robert D. Fram (rfram@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:   (415) 591-6000
Facsimile:    (415) 591-6091

Attorneys for Plaintiff and Counterclaim
Defendant FUJITSU LIMITED

DATE:  November 23, 2012       LAW OFFICE OF S.J. CHRISTINE YANG

By: /s/ Duncan Palmatier

Duncan Palmatier (CA Bar No. 116692)
E-mail:  dpalm@dpalmlaw.com
S.J. Christine Yang (CA Bar No. 102048)
E-mail:  cyang@sjclawpc.com
Victoria Der-Lung Hao (admitted *pro hac vice*)
E-mail:  vhao@sjclawpc.com
The Law Office of S.J. Christine Yang
17220 Newhope Street, Suites 101 & 102
Fountain Valley, California  92708
Telephone:   (714) 641-4022
Facsimile:    (714) 641-2082

Attorneys for Defendants D-LINK CORPORATION
and D-LINK SYSTEMS, INC.

---

[2]  In compliance with General Order 45.X.B, I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

| | | |
|---|---|---|
| DATE: November 23, 2012 | | WINSTON & STRAWN LLP |
| | | By: /s/ David Enzminger |
| | | David Enzminger (CA Bar No. 137065)<br>E-mail: denzminger@winston.com<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: (213) 615-1780<br>Facsimile: (213) 615-1750 |
| | | Attorneys for Defendants BELKIN INTERNATIONAL INC. and BELKIN, INC. |
| DATE: November 23, 2012 | | REED SMITH LLP |
| | | By: /s/ William R. Overend |
| | | William R. Overend (CA Bar No. 180209)<br>E-mail: woverend@reedsmith.com<br>John P. Bovich (CA Bar No. 150688)<br>E-mail: jbovich@reedsmith.com<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105-3659<br>Telephone: (415) 543-8700<br>Facsimile: (415) 391-8269 |
| | | Attorneys for Defendant NETGEAR, INC. |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATE: November 25, 2012        By: *Lucy H. Koh*
                                    The Honorable Lucy H. Koh
                                    United States District Court Judge

STIPULATION AND [~~PROPOSED~~] ORDER RE: ADMISSIBILITY   4
OF TRIAL EXHIBITS, Case No. 10-cv-03972-LHK (PSG)

ATTACHMENT A

## Table 1

**Plaintiff's Exhibits Admitted Into Evidence Without Restriction**

| Plaintiff's Exhibits |
|---|
| PTX1 – PTX24 |
| PTX26 – PTX67 |
| PTX70 – PTX105 |
| PTX107 |
| PTX109 |
| PTX110 – PTX160 |
| PTX163 |
| PTX175 |
| PTX176 |
| PTX179 |
| PTX182 – PTX204 |
| PTX206 – PTX210 |
| PTX212 – PTX215 |
| PTX218 |
| PTX222 |
| PTX228 – PTX274 |
| PTX279 – PTX288 |
| PTX290 – PTX300[1] |

---

[1] Pursuant to the Court's ruling on Fujitsu's motion *in limine* #4, PTX297 – PTX300 are admitted for the limited purpose of establishing notice.  Other portions of these exhibits will be redacted.

## Table 2

**Defendants' Exhibits Admitted Into Evidence Without Restriction**

| Defendants' Exhibits |
|---|
| DTX1 |
| DTX2 |
| DTX3 |
| DTX12 |
| DTX22 |
| DTX27 |
| DTX40 |
| DTX41 |
| DTX49 |
| DTX50 |
| DTX51 |
| DTX53 |
| DTX55 |
| DTX59 |
| DTX71 |
| DTX73 |
| DTX75 – DTX85 |
| DTX87 |
| DTX89 – DTX91 |
| DTX126 |
| DTX129 – DTX135 |
| DTX138 – DTX148 |
| DTX160 – DTX167 |
| DTX169 – DTX173 |
| DTX175 |
| DTX177 – DTX182 |
| DTX188 |
| DTX202 |
| DTX205 |
| DTX207 |
| DTX208 |
| DTX215 |
| DTX216 |
| DTX217 |
| DTX239 |
| DTX250 |
| DTX267 |
| DTX268 |

| Defendants' Exhibits |
|---|
| DTX270 – DTX273 |
| DTX293 – DTX295 |
| DTX310 |
| DTX318 |
| DTX321 – DTX324 |
| DTX327 |
| DTX335 – DTX339 |
| DTX341 – DTX346 |
| DTX348 – DTX350 |
| DTX357 |
| DTX361 |
| DTX362 |
| DTX364 – DTX367 |
| DTX369 – DTX377 |
| DTX380 – DTX402 |
| DTX409 |
| DTX410 |
| DTX416 |
| DTX425 |
| DTX427 – DTX429 |
| DTX432 |
| DTX433 |
| DTX439 |
| DTX457 |
| DTX462 |
| DTX475 – DTX478 |
| DTX481 |
| DTX488 – DTX490 |
| DTX494 – DTX507 |
| DTX509 – DTX525 |
| DTX529 |
| DTX531 |
| DTX559 |
| DTX564 |
| DTX570 |
| DTX575 – DTX580 |
| DTX586 – DTX589 |
| DTX595 – DTX597 |
| DTX599 |
| DTX600 |
| DTX616 |
| DTX618 |
| DTX619 |

| Defendants' Exhibits |
|---|
| DTX632 |
| DTX641 |
| DTX663 |
| DTX710 |
| DTX713 |
| DTX721 |
| DTX722 |
| DTX729 |
| DTX733 – DTX735 |
| DTX766 |
| DTX779 |
| DTX780 – DTX785 |
| DTX789 – DTX791 |
| DTX801 |
| DTX819 – DTX829 |
| DTX831 – DTX833 |
| DTX837 |
| DTX838 |
| DTX840 |
| DTX841 – DTX847 |
| DTX851 |
| DTX855 – DTX861 |

## Table 3

**Defendants' Exhibits Admitted Into Evidence To Show State Of The Art
(Limiting Instruction Required)**

| Defendants' Exhibits |
|---|
| DTX104 |
| DTX112 |
| DTX120 |
| DTX184 |
| DTX185 |
| DTX187 |
| DTX189 |
| DTX201 |
| DTX213 |
| DTX214 |
| DTX218 |
| DTX220 |
| DTX221 |
| DTX278 |
| DTX532 |
| DTX560 |
| DTX582 |
| DTX590 |
| DTX591 |
| DTX592 |
| DTX593 |
| DTX630 |
| DTX715 |

## Table 4

**Defendants' Exhibits Admitted Into Evidence As To Willfulness Or Inducement
(Limiting Instruction Required)**

| Defendants' Exhibits |
|---|
| DTX32     (Belkin only; admit claim chart but not letter) |
| DTX184    (Netgear only) |
| DTX187    (Netgear only ) |
| DTX189    (Netgear only) |
| DTX526    (Netgear and D-Link only) |
| DTX560    (Belkin only) |
| DTX592    (Netgear and D-Link only) |
| DTX630    (Netgear and D-Link only) |
| DTX715    (Netgear and D-Link only) |

## Table 5

**Defendants' Exhibits Admitted Into Evidence To Show State Of The Art And As To Willfulness Or Inducement (Limiting Instruction Required)**

| Defendants' Exhibits |
|---|
| DTX184 |
| DTX187 |
| DTX189 |
| DTX560 |
| DTX592 |
| DTX630 |
| DTX715 |

## Table 6

**Defendants' Exhibits For Which There Is No Dispute As To Authenticity, But For Which Fujitsu May Assert Other Objections**

| Defendants' Exhibits |
|---|
| DTX210 |
| DTX818 |

## Table 7

**Defendants' Exhibits For Which There Is No Dispute As To Authenticity, But Which Are Subject To The Court's Ruling On November 20, 2012**

| Defendants' Exhibits |
|---|
| DTX58 |
| DTX97 |
| DTX103 |
| DTX109 |
| DTX110 |
| DTX191 |
| DTX192 |
| DTX193 |
| DTX199 |
| DTX200 |
| DTX203 |
| DTX204 |
| DTX206 |
| DTX219 |
| DTX581 |
| DTX601 |
| DTX602 |
| DTX603 |
| DTX604 |
| DTX605 |
| DTX730 |
| DTX731 |
| DTX732 |

**Table 8**

**Defendants' Exhibits For Which There Is No Dispute As To Authenticity, But For Which There Is A Dispute About Whether They Are Barred By Fujitsu's Motion *In Limine* Regarding Pre-Suit Communications**

| Defendants' Exhibits |
|---|
| DTX30 |
| DTX31 |
| DTX33 |
| DTX34 |
| DTX420 |
| DTX421 |
| DTX422 |
| DTX424 |
| DTX463 |
| DTX487 |
| DTX543 |
| DTX572 |
| DTX657 |
| DTX677 |
| DTX793 |