COVINGTON & BURLING LLP
Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
Thomas E. Garten (tgarten@cov.com) (CA Bar No. 247122)
Jeffrey T. Pearlman (jpearlman@cov.com) (CA Bar No. 254759)
One Front Street
San Francisco, CA 94111-5356
Telephone:   (415) 591-6000
Facsimile:    (415) 591-6091

COVINGTON & BURLING LLP
Philip A. Irwin (pirwin@cov.com) (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:   (212) 841-1000
Facsimile:    (212) 841-1010

COVINGTON & BURLING LLP
Gary M. Rubman (grubman@cov.com) (admitted *pro hac vice*)
R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
William E. Zapf (wzapf@cov.com) (admitted *pro hac vice*)
Brianne Bharkhda (bbharkhda@cov.com) (admitted *pro hac vice*)
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:   (202) 662-6000
Facsimile:    (202) 662-6291

Attorneys for Plaintiff Fujitsu Limited

[COUNSEL FOR DEFENDANTS LISTED ON SIGNATURE PAGES]

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FUJITSU LIMITED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC.,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 10-cv-03972-LHK (PSG)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER RE: ADMISSIBILITY OF TRIAL EXHIBITS**<br><br>Trial:　　　November 26, 2012<br>Time:　　　9:00 a.m.<br>Location:　Courtroom 8, 4th Floor<br>Before:　　The Honorable Lucy H. Koh |

1        Pursuant to the Court's instructions at the November 1, 2012 Pretrial Conference, Plaintiff Fujitsu Limited ("Fujitsu") and Defendants Belkin International, Inc., Belkin, Inc., D-Link Corporation, D-Link Systems, Inc., and NETGEAR, Inc. ("Defendants") have conferred regarding the admissibility of certain trial exhibits, and

        IT IS HEREBY STIPULATED, by and between Fujitsu and Defendants, that the trial exhibits listed in Attachment A to this Stipulation shall be treated as follows:

        <u>Table 1</u>:  The "PTX" exhibits listed in Table 1 may be admitted into evidence without restriction.[1]

        <u>Table 2</u>:  The "DTX" exhibits listed in Table 2 may be admitted into evidence without restriction.

        <u>Table 3</u>:  The "DTX" exhibits listed in Table 3 may be admitted into evidence only to show the state of the art at the time of the invention, but not used for purposes of proving invalidity.  Pursuant to the Court's Pretrial Conference Order (Dkt. No. 396) and the November 20, 2012 Transcript of Proceedings, a limiting instruction is required for the exhibits listed in Table 3.

        <u>Table 4</u>:  The "DTX" exhibits listed in Table 4 may be admitted into evidence for the limited purpose of lack of willfulness and active inducement, but shall not be considered for purposes of proving invalidity.  Pursuant to the Court's Pretrial Conference Order (Dkt. No. 396) and the November 20, 2012 Transcript of Proceedings, Dr. Mihran cannot opine on these exhibits and a limiting instruction is required for the exhibits listed in Table 4.

        <u>Table 5</u>:  The "DTX" exhibits listed in Table 5 may be admitted into evidence (i) to show the state of the art at the time of the invention; and (ii) for the limited purpose of disproving willfulness and active inducement.  These exhibits shall not

---

[1]  Defendants note that PTX8, PTX12, PTX16, PTX19, PTX21, PTX33, PTX39, PTX42, PTX48, PTX54, PTX80, PTX85, PTX89, PTX93, and PTX100 are physical exhibits and related packaging that they have not yet had an opportunity to inspect.  As such, Defendants reserve their rights to object to these samples if they are not what they purport to be, or if they have been damaged or modified.

1  be used as a prior art reference for purposes of proving invalidity.  Pursuant to the
2  Court's Pretrial Conference Order (Dkt. No. 396) and the November 20, 2012
3  Transcript of Proceedings, a limiting instruction is required for the exhibits listed in
4  Table 5.

5  <u>Table 6</u>:  Fujitsu agrees that it will not dispute the authenticity of the "DTX"
6  exhibits listed in Table 6.  Fujitsu reserves any other objections as to these exhibits.

7  <u>Table 7</u>:  Fujitsu contends that the "DTX" exhibits listed in Table 7 are barred
8  from the case pursuant to the Court's Pretrial Conference Order (Dkt. No. 396) and
9  the November 20, 2012 Transcript of Proceedings (Tr. at 49:5 – 54:25) because
10 they were not disclosed in Defendants' invalidity contentions and/or not disclosed
11 in Defendants' expert report regarding invalidity.  Defendants contend that these
12 documents may be admitted as "state of the art" under the Court's order with an
13 appropriate limiting instruction.  Fujitsu does not assert any other objections to the
14 exhibits listed in Table 7.

15 <u>Table 8</u>:  Fujitsu contends that the exhibits listed in Table 8 are barred by
16 the Court's order on Fujitsu's motion *in limine* concerning pre-suit correspondence
17 and licensing discussions.  Defendants contend that they may be admitted as to
18 willfulness and inducement.  Fujitsu does not assert any other objections to the
19 documents in Table 8.  If the Court rules that these exhibits may be admitted as to
20 willfulness and inducement, it is Fujitsu's position that the Court should provide a
21 limiting instruction and the documents should be redacted such that only the
22 information relating to invalidity comes into evidence.

23

24 Nothing in this Stipulation shall limit the rights of Fujitsu or Defendants to make
25 any arguments with respect to the merits of the claims and defenses in this action.
26 Fujitsu and Defendants agree that this Stipulation may not be used by either party
27 to introduce evidence that would be excluded by one of the Court's rulings on Motions *in*
28 *Limine* and/or *Daubert* issues.

1    Fujitsu and Defendants further agree that this Stipulation embodies the entire
2 agreement between them, and that the details of negotiations regarding the preparation of
3 this Stipulation may not be used by any party in this action to vary the terms of this
4 agreement.

5

6                                              Respectfully submitted,

7 DATE: November 23, 2012            COVINGTON & BURLING LLP

8                                              By: /s/ Robert D. Fram[2]

9                                              Robert D. Fram (rfram@cov.com)
                                               COVINGTON & BURLING LLP
10                                             One Front Street
                                               San Francisco, CA 94111-5356
11                                             Telephone:   (415) 591-6000
                                               Facsimile:   (415) 591-6091
12
                                               Attorneys for Plaintiff and Counterclaim
13                                             Defendant FUJITSU LIMITED

14

15
   DATE: November 23, 2012            LAW OFFICE OF S.J. CHRISTINE YANG
16

17                                             By: /s/ Duncan Palmatier

18                                             Duncan Palmatier (CA Bar No. 116692)
                                               E-mail: dpalm@dpalmlaw.com
19                                             S.J. Christine Yang (CA Bar No. 102048)
                                               E-mail: cyang@sjclawpc.com
20                                             Victoria Der-Lung Hao (admitted *pro hac vice*)
                                               E-mail: vhao@sjclawpc.com
21                                             The Law Office of S.J. Christine Yang
                                               17220 Newhope Street, Suites 101 & 102
22                                             Fountain Valley, California 92708
                                               Telephone:   (714) 641-4022
23                                             Facsimile:   (714) 641-2082

                                               Attorneys for Defendants D-LINK CORPORATION
24                                             and D-LINK SYSTEMS, INC.

25

26

27  [2]  In compliance with General Order 45.X.B, I hereby attest that concurrence in the filing of this
    document has been obtained from each of the other signatories hereto.
28

STIPULATION AND [~~PROPOSED~~] ORDER RE: ADMISSIBILITY        3
OF TRIAL EXHIBITS, Case No. 10-cv-03972-LHK (PSG)

| | | |
|---|---|---|
| 1 | | |
| 2 | DATE:  November 23, 2012 | WINSTON & STRAWN LLP |
| 3 | | By: /s/  *David Enzminger* |
| 4 | | David Enzminger (CA Bar No. 137065)<br>E-mail:  denzminger@winston.com<br>WINSTON & STRAWN LLP |
| 5 | | 333 S. Grand Avenue<br>Los Angeles, CA  90071 |
| 6 | | Telephone:  (213) 615-1780<br>Facsimile:  (213) 615-1750 |
| 7 | | Attorneys for Defendants BELKIN |
| 8 | | INTERNATIONAL INC. and BELKIN, INC. |

DATE:  November 23, 2012          REED SMITH LLP

By: /s/  *William R. Overend*

William R. Overend (CA Bar No. 180209)
E-mail:  woverend@reedsmith.com
John P. Bovich (CA Bar No. 150688)
E-mail: jbovich@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269

Attorneys for Defendant NETGEAR, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATE:  November 25 , 2012          By: *Lucy H. Koh*

The Honorable Lucy H. Koh
United States District Court Judge

STIPULATION AND [PROPOSED] ORDER RE: ADMISSIBILITY       4
OF TRIAL EXHIBITS, Case No. 10-cv-03972-LHK (PSG)

**ATTACHMENT A**

## Table 1

**Plaintiff's Exhibits Admitted Into Evidence Without Restriction**

| Plaintiff's Exhibits |
|---|
| PTX1 – PTX24 |
| PTX26 – PTX67 |
| PTX70 – PTX105 |
| PTX107 |
| PTX109 |
| PTX110 – PTX160 |
| PTX163 |
| PTX175 |
| PTX176 |
| PTX179 |
| PTX182 – PTX204 |
| PTX206 – PTX210 |
| PTX212 – PTX215 |
| PTX218 |
| PTX222 |
| PTX228 – PTX274 |
| PTX279 – PTX288 |
| PTX290 – PTX300[1] |

---

[1] Pursuant to the Court's ruling on Fujitsu's motion *in limine* #4, PTX297 – PTX300 are admitted for the limited purpose of establishing notice. Other portions of these exhibits will be redacted.

## Table 2

**Defendants' Exhibits Admitted Into Evidence Without Restriction**

| Defendants' Exhibits |
|---|
| DTX1 |
| DTX2 |
| DTX3 |
| DTX12 |
| DTX22 |
| DTX27 |
| DTX40 |
| DTX41 |
| DTX49 |
| DTX50 |
| DTX51 |
| DTX53 |
| DTX55 |
| DTX59 |
| DTX71 |
| DTX73 |
| DTX75 – DTX85 |
| DTX87 |
| DTX89 – DTX91 |
| DTX126 |
| DTX129 – DTX135 |
| DTX138 – DTX148 |
| DTX160 – DTX167 |
| DTX169 – DTX173 |
| DTX175 |
| DTX177 – DTX182 |
| DTX188 |
| DTX202 |
| DTX205 |
| DTX207 |
| DTX208 |
| DTX215 |
| DTX216 |
| DTX217 |
| DTX239 |
| DTX250 |
| DTX267 |
| DTX268 |

| Defendants' Exhibits |
|---|
| DTX270 – DTX273 |
| DTX293 – DTX295 |
| DTX310 |
| DTX318 |
| DTX321 – DTX324 |
| DTX327 |
| DTX335 – DTX339 |
| DTX341 – DTX346 |
| DTX348 – DTX350 |
| DTX357 |
| DTX361 |
| DTX362 |
| DTX364 – DTX367 |
| DTX369 – DTX377 |
| DTX380 – DTX402 |
| DTX409 |
| DTX410 |
| DTX416 |
| DTX425 |
| DTX427 – DTX429 |
| DTX432 |
| DTX433 |
| DTX439 |
| DTX457 |
| DTX462 |
| DTX475 – DTX478 |
| DTX481 |
| DTX488 – DTX490 |
| DTX494 – DTX507 |
| DTX509 – DTX525 |
| DTX529 |
| DTX531 |
| DTX559 |
| DTX564 |
| DTX570 |
| DTX575 – DTX580 |
| DTX586 – DTX589 |
| DTX595 – DTX597 |
| DTX599 |
| DTX600 |
| DTX616 |
| DTX618 |
| DTX619 |

4

| Defendants' Exhibits |
|---|
| DTX632 |
| DTX641 |
| DTX663 |
| DTX710 |
| DTX713 |
| DTX721 |
| DTX722 |
| DTX729 |
| DTX733 – DTX735 |
| DTX766 |
| DTX779 |
| DTX780 – DTX785 |
| DTX789 – DTX791 |
| DTX801 |
| DTX819 – DTX829 |
| DTX831 – DTX833 |
| DTX837 |
| DTX838 |
| DTX840 |
| DTX841 – DTX847 |
| DTX851 |
| DTX855 – DTX861 |

## Table 3

**Defendants' Exhibits Admitted Into Evidence To Show State Of The Art (Limiting Instruction Required)**

| Defendants' Exhibits |
|---|
| DTX104 |
| DTX112 |
| DTX120 |
| DTX184 |
| DTX185 |
| DTX187 |
| DTX189 |
| DTX201 |
| DTX213 |
| DTX214 |
| DTX218 |
| DTX220 |
| DTX221 |
| DTX278 |
| DTX532 |
| DTX560 |
| DTX582 |
| DTX590 |
| DTX591 |
| DTX592 |
| DTX593 |
| DTX630 |
| DTX715 |

## Table 4

**Defendants' Exhibits Admitted Into Evidence As To Willfulness Or Inducement
(Limiting Instruction Required)**

| Defendants' Exhibits |
|---|
| DTX32    (Belkin only; admit claim chart but not letter) |
| DTX184   (Netgear only) |
| DTX187   (Netgear only ) |
| DTX189   (Netgear only) |
| DTX526   (Netgear and D-Link only) |
| DTX560   (Belkin only) |
| DTX592   (Netgear and D-Link only) |
| DTX630   (Netgear and D-Link only) |
| DTX715   (Netgear and D-Link only) |

## Table 5

**Defendants' Exhibits Admitted Into Evidence To Show State Of The Art And As To Willfulness Or Inducement (Limiting Instruction Required)**

| Defendants' Exhibits |
|---|
| DTX184 |
| DTX187 |
| DTX189 |
| DTX560 |
| DTX592 |
| DTX630 |
| DTX715 |

**Table 6**

**Defendants' Exhibits For Which There Is No Dispute As To Authenticity, But For Which Fujitsu May Assert Other Objections**

| Defendants' Exhibits |
|---|
| DTX210 |
| DTX818 |

## Table 7

**Defendants' Exhibits For Which There Is No Dispute As To Authenticity, But Which Are Subject To The Court's Ruling On November 20, 2012**

| Defendants' Exhibits |
|---|
| DTX58 |
| DTX97 |
| DTX103 |
| DTX109 |
| DTX110 |
| DTX191 |
| DTX192 |
| DTX193 |
| DTX199 |
| DTX200 |
| DTX203 |
| DTX204 |
| DTX206 |
| DTX219 |
| DTX581 |
| DTX601 |
| DTX602 |
| DTX603 |
| DTX604 |
| DTX605 |
| DTX730 |
| DTX731 |
| DTX732 |

## Table 8

**Defendants' Exhibits For Which There Is No Dispute As To Authenticity, But For Which There Is A Dispute About Whether They Are Barred By Fujitsu's Motion *In Limine* Regarding Pre-Suit Communications**

| Defendants' Exhibits |
| --- |
| DTX30 |
| DTX31 |
| DTX33 |
| DTX34 |
| DTX420 |
| DTX421 |
| DTX422 |
| DTX424 |
| DTX463 |
| DTX487 |
| DTX543 |
| DTX572 |
| DTX657 |
| DTX677 |
| DTX793 |