COVINGTON & BURLING LLP
Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
Thomas E. Garten (tgarten@cov.com) (CA Bar No. 247122)
Jeffrey T. Pearlman (jpearlman@cov.com) (CA Bar No. 254759)
One Front Street
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

COVINGTON & BURLING LLP
Philip A. Irwin (pirwin@cov.com) (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

COVINGTON & BURLING LLP
Gary M. Rubman (grubman@cov.com) (admitted *pro hac vice*)
R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
Brianne Bharkhda (bbharkhda@cov.com (admitted *pro hac vice*)
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Attorneys for Plaintiff and Counterclaim-Defendant Fujitsu Limited

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FUJITSU LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 10-cv-03972-LHK (PSG)<br><br>**FUJITSU LIMITED'S RESPONSE TO DEFENDANTS' PROPOSED LIMITING INSTRUCTIONS [per Dkt. No. 396]** |

1          Plaintiff Fujitsu Limited ("Fujitsu") hereby submits its response to Defendants'
2  proposed limiting instructions regarding certain art that may be admitted for limited
3  purposes.
4          First, Defendants' proposal contemplates an instruction that would be provided
5  after the close of evidence.  This largely defeats the purpose of the limiting instruction,
6  which is to prevent jury confusion and to ensure that the jury understands the limited
7  purpose of certain evidence as it comes in.  Without a contemporaneous instruction,
8  Fujitsu will be prejudiced because the jury will not understand that it should not consider
9  the evidence for invalidity.  Instead, the jury will naturally assume that all art evidence
10 (whether prior or not) will relate to invalidity.  Accordingly, the Court should issue a
11 limiting instruction when the art is admitted in evidence.
12         Second, Defendants' proposal is unnecessarily complicated and long, and it contains
13 language that improperly expounds on the requirements of willfulness and inducement.
14 The Court's preliminary and final instructions will address the requirements for
15 willfulness and inducement, and these limiting instructions should not address them.
16         Third, Defendants' definition of "state of the art" is confusing because Defendants
17 are seeking to introduce art that *post*-dates the priority date.  The definition should be
18 clarified on this issue.
19         Set forth below is a redline of Defendants' proposal reflecting Fujitsu's suggested
20 revisions to address these concerns.
21                                          * * *
22 In this case, the Defendants have identified [17]certain publications or combinations of
23 publications that they contend invalidate the asserted claims of Fujitsu's patent.  Those
24 references or combinations are:
25
26 [1. Murakami (Defense Exhibit No. ___)
27 2. Inoue (Defense Exhibit No. ___)
28 3. Mizutani (Defense Exhibit No. ___)

FUJITSU LIMITED'S RESPONSE TO DEFENDANTS' PROPOSED          1          Case No. 10-cv-03972-LHK (PSG)
LIMITING INSTRUCTIONS [per Dkt. No. 396]

1  ~~4. The ArLAN system (Defense Exhibit Nos. __)~~

2  ~~5. May (Defense Exhibit No. __)~~

3  ~~6. The Hewlett-Packard Modem Interface system (Defense Exhibit Nos. __)~~

4  ~~7. The Extended Systems ShareSpool Card system (Defense Exhibit Nos. __)~~

5  ~~8. The Vic-20 Friendly Computer (Defense Exhibit No. __)~~

6  ~~9. The PCMCIA standard (Defense Exhibit Nos. __)~~

7  ~~10. Arai (Defense Exhibit No. __)~~

8  ~~11. Ades (Defense Exhibit No. __)~~

9  ~~12. Xircom, The Pocket Ethernet Adapter (Defense Exhibit No. __).~~

10  ~~13. The combination of Murakami and Mizutani~~

11  ~~14. The combination of Inoue and Murakami~~

12  ~~15. The combination of Inoue and Mizutani~~

13  ~~16. The combination of Inoue and the ShareSpool Card system~~

14  ~~17. The combination of the ArLAN system and the Vic-20 Friendly Computer].~~

15

16  ~~In deciding whether the asserted claims of Fujitsu's patent are invalid, you should~~

17  ~~consider only the references and combinations identified above~~.

18

19  <u>I have just admitted in evidence document(s) (DTX __) relating to art</u> ~~During the~~

20  ~~trial, you may also have heard about other documents or combinations~~

21  ~~describing similar subject matter~~ from around the same time. <u>These documents are not</u>

22  <u>among those identified by Defendants to show invalidity.</u> You should not consider

23  th<u>e</u>~~o~~se ~~other~~ documents ~~and combinations~~ in deciding whether the asserted claims of the

24  Fujitsu patent are invalid. But you may consider them for ~~other purposes. In particular~~:

25

26  [*Select whichever applies*]

27

28

FUJITSU LIMITED'S RESPONSE TO DEFENDANTS' PROPOSED LIMITING INSTRUCTIONS [per Dkt. No. 396]    2    Case No. 10-cv-03972-LHK (PSG)

1    A. the issues of willful infringement and induced infringement in connection with
2    patent claims that were previously asserted against Defendants in this lawsuit; ~~You may~~
3    ~~consider any references admitted into evidence when you decide~~
4    ~~whether any of the defendants believed that the asserted claims of the Fujitsu patent were~~
5    ~~valid or invalid, and likewise whether they intended to cause third parties to practice any~~
6    ~~of the asserted claims of the Fujitsu patent.~~

8    B. the issues of willful infringement and induced infringement in connection with
9    ~~When you decide whether or not a particular defendant reasonably relied on~~
10   ~~the opinions rendered by its legal counsel, you may consider any~~a references mentioned in
11   ~~those~~ legal opinions rendered by Defendants' legal counsel.

13   C. ~~You may consider any references admitted into evidence when~~ assessing the
14   "state of the art" ~~at~~ before or after the time of the April 30, 1991 priority date for Fujitsu~~'s~~
15   ~~applied for its~~ patent.  The "state of the art" refers to the general level of technological
16   knowledge that ~~existed at a particular time; it defines what~~ a "person of ordinary skill in
17   the art" would have been expected to know and understand at ~~that~~ a particular time. Thus,
18   while you may not consider these additional references ~~(other than the [17] identified~~
19   ~~above)~~ for purposes of determining whether the Fujitsu patent is valid or invalid, you may
20   consider them to reach an understanding of the level of knowledge in the art ~~and what~~
21   ~~other products and technologies were available~~ at the date of the documents.  ~~time the~~
22   ~~claimed invention was made.~~

23   DATED:  November 25, 2012                COVINGTON & BURLING LLP

24                                            By: /s/  Robert D. Fram

25                                            Robert D. Fram (rfram@cov.com)
                                              Thomas E. Garten (tgarten@cov.com)
26                                            Jeffrey T. Pearlman (jpearlman@cov.com)
                                              COVINGTON & BURLING LLP
27                                            One Front Street
                                              San Francisco, CA 94111-5356
28                                            Telephone:    415.591.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Facsimile:     415.591.6091

Philip A. Irwin (pirwin@cov.com)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:    212.841.1000
Facsimile:     212.841.1010

Gary M. Rubman (grubman@cov.com)
R. Jason Fowler (jfowler@cov.com)
William E. Zapf (wzapf@cov.com)
Brianne Bharkhda (bbharkhda@cov.com)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:    202.662.6000
Facsimile:     202.662.6291

Attorneys for Plaintiff
FUJITSU LIMITED