UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>                    Plaintiff,<br><br>        v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 10-CV-03972-LHK |

**PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]**

Dated: November 25, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

United States District Court
For the Northern District of California

# INSTRUCTION NO. 1
## DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.1A (2007 Edition)

United States District Court
For the Northern District of California

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

1

**INSTRUCTION NO. 2**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2

3

When a party has the burden of proof on any claim or defense by a preponderance of the evidence,
it means you must be persuaded by the evidence that the claim or defense is more probably true
than not true.

4

5

You should base your decision on all of the evidence, regardless of which party presented it.

6

7

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.3 (2007 Edition)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**INSTRUCTION NO. 3**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.4 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**INSTRUCTION NO. 4**
**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each Defendant separately.  Unless otherwise stated, the instructions apply to all parties.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.5 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

# INSTRUCTION NO. 5
## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

      1. the sworn testimony of any witness;

      2. the exhibits which are received into evidence; and

      3. any facts to which the lawyers have agreed.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.6 (2007 Edition)

United States District Court
For the Northern District of California

**INSTRUCTION NO. 6**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.7 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**INSTRUCTION NO. 7**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.8 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

United States District Court
For the Northern District of California

**INSTRUCTION NO. 8**
**DIRECT OR CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.9 (2007 Edition)

United States District Court
For the Northern District of California

**INSTRUCTION NO. 9**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.10 (2007 Edition)

**INSTRUCTION NO. 10**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


**Source:** Ninth Circuit Model Civil Jury Instructions - 1.11 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

1

**INSTRUCTION NO. 11**
**CONDUCT OF THE JURY**

2

I will now say a few words about your conduct as jurors.

3

4

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

5

6

7

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

8

9

10

11

12

13

14

15

16

17

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

18

19

20

21

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

22

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.12 (2007 Edition)

23

24

25

26

27

28

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

### INSTRUCTION NO. 12
### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.13 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 13**
**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.14 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**INSTRUCTION NO. 14**
**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Ninth Circuit Model Civil Jury Instructions - 1.18 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**INSTRUCTION NO. 15**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.4 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

United States District Court
For the Northern District of California

**INSTRUCTION NO. 16**
**FOREIGN LANGUAGE TESTIMONY**

Languages other than English may be used during this trial.  The evidence to be considered by you is only that provided through the official court interpreters.  Although some of you may know one of these languages, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

The parties have agreed on an individual to serve as the official interpreter for each foreign language.  In the event that there is a dispute about a translation, the official interpreter will resolve it.  You must accept the official interpreter's translation.

**Source:** Ninth Circuit Model Civil Jury Instructions – 1.16, 1.17, 2.7 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 17
## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.11 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

1

**INSTRUCTION NO. 18**
**CHARTS AND SUMMARIES IN EVIDENCE**

2

3   Certain charts and summaries may be received into evidence to illustrate information brought out
    in the trial. Charts and summaries are only as good as the underlying evidence that supports them.
4   You should, therefore, give them only such weight as you think the underlying evidence deserves.

5   **Source:** Ninth Circuit Model Civil Jury Instructions – 2.13 (2007 Edition)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

## INSTRUCTION NO. 19
## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Source:** Ninth Circuit Model Civil Jury Instructions – 2.12 (2007 Edition)

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**INSTRUCTION NO. 20**
**WHAT A PATENT IS AND HOW ONE IS OBTAINED**

This case involves a dispute relating to a United States patent. For background on the patent process, I will play you a video prepared by the Federal Judicial Center entitled: "An Introduction to the Patent System." The video will describe the process for obtaining a patent. After a patent has issued, it can be subject to further review by the PTO in certain circumstances.

Once a patent has issued, the patent holder may request a reissue of the patent to correct errors in the issued patent. A reissue application is examined in the same manner, and subject to all the same requirements, as the original application. The reissue process can result in cancellation, modification, or confirmation of the original claims. If, after this process, the reissue is granted, the original patent is replaced by a reissue patent with a new number.

There is also a process called a reexamination, which can be used to review a patent's validity. During a reexamination, the patent examiner reviews the prior art references provided by the party who requested the reexamination. Based on the reexamination, the patent claims can be cancelled, rejected, amended, or confirmed. Once the reexamination has been concluded, the PTO issues a "certificate of reexamination."

**Source:** N.D. Cal. Model Instructions, A.1, modified by the parties.

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

### INSTRUCTION NO. 21
### SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The plaintiff in this case is Fujitsu Limited ("Fujitsu"). The Defendants in this case are Belkin International, Inc. and Belkin, Inc. ("Belkin"), D-Link Corp. ("D-Link Corp."), D-Link Systems, Inc. (D-Link Systems"), and NETGEAR, Inc. ("NETGEAR") (collectively, "Defendants"). The patent involved in this case is United States Patent Number Re. 36,769 which is owned by Fujitsu. For convenience, the parties and I will often refer to this patent as the '769 patent.

Fujitsu filed suit in this court seeking money damages from the Defendants for infringing the '769 patent by importing, selling or offering for sale products that are covered by the claims of the patent. The products accused by Fujitsu of infringement fall into three categories: (1) wireless interface cards; (2) wireless routers or access points; and (3) network kits consisting of one wireless interface card and one router or access point.

It has already been decided that wireless interface cards infringe claims 2, 4, and 41, which are claims that cover a card device and that Defendants' network kits infringe claims 47 and 48, which are claims that cover a system consisting of a card device and an external device.

Fujitsu also contends that Belkin, D-Link Corp., D-Link Systems, and NETGEAR are each liable for induced infringement through the sale of wireless routers or access points. That is, Fujitsu alleges that each Defendant actively induced its customers to infringe the system claims 20, 47, and 48 by encouraging them to use a wireless interface card with a router or access point in a system. I will explain the requirements for induced infringement in later instructions. It has already been decided that the accused wireless interface cards, routers, and access points meet the limitations of system claims 20, 47, and 48 and that a customer who uses them together commits an act of direct infringement. Therefore, you need to decide the issue of induced infringement with respect to these claims, as well as whether any customer has actually used an accused wireless interface card with an accused router or access point.

Fujitsu also claims that each Defendant's infringement was willful.

The Defendants argue that the asserted claims of the '769 patent are invalid. Invalidity is a defense to infringement. The Defendants also assert that there was no willful infringement of the patent claims, and that the Defendants lacked the required specific intent to induce infringement.

If you decide that any of these claims are not invalid, you will then need to decide any money damages to be awarded to Fujitsu based on Defendants' sale of interface cards and kits to compensate it for the infringement. Additionally, for routers and access points, you will need to find that each Defendant is liable for inducement before you may award money damages to Fujitsu based on a Defendant's sale of those products. If you decide that any infringement was willful, that decision should not affect your damages award. I will take willfulness into account later.

Before you decide whether the claims are invalid, you will need to understand the patent claims. The patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation. I have already determined the meaning of certain terms of the claims of the '769 patent. Your binders contain a document reflecting those meanings. If I have

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

not provided you with a specific definition for a term, you should apply the term's plain and ordinary meaning.

You are to apply my definitions of these terms throughout this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding any of the issues in this case.  Those issues are yours to decide.

**Source:** N.D. Cal. Model Instructions, A.3, modified by parties

United States District Court
For the Northern District of California

**INSTRUCTION NO. 22**
**OVERVIEW OF APPLICABLE LAW**

I will now give you some preliminary instructions about the patent law applicable to this case.

Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another.

As I have already determined the issues related to direct infringement, I will focus on induced infringement in these instructions.

Fujitsu contends that Belkin, D-Link Corp., D-Link Systems, and Netgear are each liable for induced infringement through the sales of wireless routers or access points. In order for a Defendant to be liable for inducement of infringement, it must: (1) have been aware of the '769 patent, (2) induced another to commit the acts necessary to infringe the '769 patent; (3) have known that the acts it was causing would be infringing a valid patent; and (4) those acts were performed.

To prove that Defendants induced infringement of any claim, Fujitsu must persuade you that it is more likely than not that a Defendant actively induced others to infringe a claim of the patent.

Fujitsu also argues that the Defendants' infringement of the '769 patent was willful. To prove willful infringement, Fujitsu must persuade you by clear and convincing evidence that prior to September 3, 2010, Belkin, D-Link Corp., D-Link Systems, and Netgear acted with reckless disregard of the claims of the '769 patent.

To demonstrate such "reckless disregard," Fujitsu must satisfy a two-part test. The first part of the test is objective and is an issue that ultimately I will decide. For the second part of the test, Fujitsu must persuade you that the Defendant actually knew, or it was so obvious that it should have known, that its actions constituted infringement of a valid patent.

Belkin, D-Link Corp., D-Link Systems, and Netgear contend that the '769 patent is invalid. A patent claim is invalid if the claimed invention is either anticipated by a single prior art reference, or obvious to a person of ordinary skill in the field. For the claim to be anticipated, all of its requirements must have existed in a single device or system that predates the claimed invention, or must have been described in a single previous publication or patent that predates the claimed invention. In patent law, these previous devices, systems, publications or patents are called "prior art references."

A patent claim is also invalid if the claimed invention would have been obvious to a person of ordinary skill in the field on April 30, 1991. This means that even if all of the requirements of the claim cannot be found in a single prior art reference that would anticipate the claim or constitute a statutory bar to that claim, a person of ordinary skill in the field who knew about all of this prior art would have come up with the claimed invention.

Once a patent has been issued by the PTO, it is presumed to be valid. Accordingly, to prove invalidity of any claim, the Defendant must persuade you that the claim is invalid by clear and convincing evidence.

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**United States District Court**
For the Northern District of California

If you find that any claim of the '769 patent is valid, you will be asked to determine the amount of money damages to be awarded to Fujitsu based on a Defendant's sale of interface cards and kits to compensate it for the Defendant's infringement of that claim.  Additionally, for routers and access points, you will need to find that a Defendant is liable for inducement before you may award money damages to Fujitsu based on the Defendant's sale of those products.

Fujitsu has the burden to persuade you of the amount of its damages by a preponderance of the evidence.

I will provide further instructions about the applicable law before you begin your deliberations.

**Source:** Language suggested by parties

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

# INSTRUCTION NO. 23
## OUTLINE OF TRIAL

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin.  Witnesses will take the witness stand and the documents will be offered and admitted into evidence.  There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.  On some issues such as infringement, you must decide whether something is more likely true than not.  On other issues, such as invalidity or willfulness, you must use a higher standard and decide whether it is highly probable that something is true.

As I have already determined that the accused cards and kits infringe the patent, and that the use of a wireless card with an access point or router by an end-user, infringes the patent, Fujitsu will not be presenting evidence on those issues.  Fujitsu will present evidence on its contention that the Defendants have indirectly infringed some claims of the '769 patent by actively inducing their customers to infringe the patent.  Fujitsu will also present evidence on its contention of willful infringement and on damages.  These witnesses will be questioned by Fujitsu's counsel in what is called direct examination.  After the direct examination of a witness is complete, the opposing side has an opportunity to cross-examine the witness.

After Fujitsu has presented its witnesses, then Belkin, D-Link Corp., D-Link Systems, and Netgear will call their witnesses, who will also be examined and cross-examined. Belkin, D-Link Corp., D-Link Systems, and Netgear will present the evidence that claims 2, 4, 20, 41, 47, and 48 of the '769 patent are invalid.  In addition to presenting its evidence of invalidity, Defendants will put on evidence responding to Fujitsu's induced infringement and willfulness contentions, and responding to Fujitsu's evidence on damages.

Fujitsu will then return and will put on evidence responding to Defendants' contention that the asserted patent claims are invalid.  Fujitsu will also have the option to put on what is referred to as "rebuttal" evidence to any evidence offered by Defendants regarding their other defenses.

Finally, Belkin, D-Link Corp., D-Link Systems, and Netgear will have the option to put on "rebuttal" evidence to any evidence offered by Fujitsu on the validity of claims 2, 4, 20, 41, 47, and 48 of the '769 patent.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

The parties may present the testimony of a witness by playing a videotape of the witness's deposition testimony.  A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then decide the case.

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK

**Source:** N.D. Cal. Model Instructions, A.5, modified by parties

PRELIMINARY JURY INSTRUCTIONS [ANNOTATED]
5:10-CV-03972-LHK