UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>           Plaintiff,<br><br>   v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>           Defendants. | Case No.: 10-CV-03972-LHK<br><br>PRETRIAL ORDER AND RULING ON OPENING STATEMENT OBJECTIONS |

      A pretrial conference was held on November 1, 2012, at 2:00 p.m. An additional pretrial hearing was held on November 20, 2012, at 3:00 p.m. Trial is set to begin on Monday, November 26, 2012, at 9:00 a.m., and is scheduled to last ten days. On Monday, November 26, 2012, the parties shall convene in Courtroom 8 at **8:45 a.m.**, rather than at 8:30 a.m. In order to limit the issues that need to be addressed prior to the beginning of trial, the Court issues the following rulings:

VOIR DIRE:
- To facilitate *voir dire*, the parties were ordered to bring to the Court's Chambers thirty-five (35) printed copies of their joint list of companies, attorneys, law firms, and witnesses involved in this case for the prospective jurors to use in identifying potential relationships and conflicts. ECF No. 391. Those copies were not received. Accordingly, the parties are ordered to bring thirty-five (35) printed, stapled copies of these lists to Courtroom 8 by 8:45 a.m. on Monday, November 26, 2012.

PRELIMINARY JURY INSTRUCTIONS:
- The parties shall bring twelve (12) copies of the final preliminary jury instructions, filed by the Court at ECF No. 428, to Courtroom 8 by 8:45 a.m. on Monday, November 26, 2012. These photocopies shall be 3-hole punched, double-sided, collated, and stapled. The parties shall insert the photocopies in the Jury Binders at 8:30 a.m. on Monday, November 26, 2012.

TOLLING AGREEMENT:
- On November 21, 2012, the parties filed an updated joint status report regarding negotiation of a tolling agreement. *See* ECF No. 401. The parties continue to disagree about the final language to be included in the tolling agreement. After reviewing the parties' joint status report, the Court declines Fujitsu's request to strike from the proposed tolling agreement the sentence which states: "If discovery is reopened for any claim subject to this Tolling Agreement, the tolling provisions of this Agreement shall not apply to such claim."

Accordingly, the Court adopts the proposal submitted by Defendants at ECF No. 401-2. The parties shall file a final tolling agreement on Monday, November 26, 2012.

EVIDENTIARY OBJECTIONS:
- The parties shall number all demonstrative slides to facilitate briefing and ruling on objections.

OBJECTIONS TO DEMONSTRATIVES TO BE USED IN THE PARTIES' OPENING STATEMENTS:

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence ("FRE") 403, the Court rules on the parties' objections as follows:

**A. Defendants' Objections to Fujitsu's November 26, 2012 Demonstratives**

| Demonstrative | Court's Ruling on Objections |
|---|---|
| Opening Slide 6 | Sustained. Pursuant to FRE 403, the probative value of this slide is outweighed by the danger of misleading the jury, confusing the issues, and causing unfair prejudice. |
| Opening Slide 21 | Overruled. Defendants object to Fujitsu's Slide 21 on the basis of FRE 106, 403, 802, and 901. However, the parties have already stipulated to admitting the underlying document, PTX-126, into evidence "without restriction." *See* ECF No. 423. Therefore, Fujitsu is entitled to state what it reasonably believes that the evidence will show. To the extent that Defendants believe this slide is incomplete, Defendants may use other portions of the exhibit during their opening statement or during trial. *See generally United States v. Greene*, 497 F.2d 1068, 1082 (7th Cir. 1974) (noting that "the evidentiary rule of completeness . . . applies to documents . . . admitted into evidence."). |
| Opening Slide 22 | Overruled in part, sustained in part. The Court finds that Defendants' revenue from the time period between July 2000 and September 2004 is relevant to a reasonable royalty analysis as well as to secondary considerations of non-obviousness. However, the Court agrees with Defendants that the slide's depiction of data based on sales of accused products that are not in this trial and based on sales for a time period in which damages cannot be awarded (July 2000 – September 2004) may mislead the jury, confuse the issues, and waste time. Thus, this slide is more prejudicial than probative. Therefore, pursuant to FRE 403, this slide must be modified to identify which revenues are for accused products in this trial during time periods for which damages may be awarded. |
| Opening Slide 23 | Overruled. The deposition excerpt in this slide consists of a full question and answer. To the extent that Defendants believe this slide is incomplete or misleading, Defendants may seek to use other portions of the deposition transcript or excerpts from the second deposition during Defendants' opening statement or during trial. *See generally Greene*, 497 F.2d at 1082. |
| Opening Slides 24–28 and 46–47 | Overruled. Defendants do not object to the admission of the underlying documents but argue that, under the Rule of Completeness, the balance of the documents must come in to explain the portions that Fujitsu has taken |

| | |
|---|---|
| | out of context.  However, as noted previously, "the evidentiary rule of completeness . . . applies to documents . . . admitted into evidence."  *See Greene*, 497 F.2d at 1082.  As "opening statements themselves are not evidence," *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 446 (7th Cir. 1996), this is not a sufficient justification to introduce counter-slides during Fujitsu's opening statement.  Moreover, as the parties have already stipulated to admitting the underlying documents—PTX 27, PTX 283, PTX 284, and DTX 433—into evidence "without restriction," the Court does not find that displaying these slides during Fujitsu's opening argument will prove more prejudicial than probative. |

**B.  Fujitsu's Objections to Defendants' November 26, 2012 Demonstratives**

| Demonstrative | Court's Ruling on Objections |
|---|---|
| Defendants' Slides 3–5, 8–9, 26–27, 34–35, 51–53, 69–70 | Overruled in part, sustained in part.  The Court sustains Fujitsu's objections to Defendants' Slides 8, 26–27, 51–53, and 69–70, as the slides are unduly argumentative and could mislead the jury.  *See U.S. v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring).  In addition, the Court finds that Defendants' slides 34–35 are redundant, and would therefore cause undue delay and waste time.  Therefore, pursuant to FRE 403, the Court finds that these slides should be excluded.  The Court overrules Fujitsu's objections as to Slides 3–5 and 9 pursuant to FRE 403. |
| Defendants' Slides 73–76 | Overruled in part, sustained in part.  Fujitsu argues that these slides violate the Court's ruling on Fujitsu's Motion *in Limine* #2, which prohibits Defendants from using evidence of the cancellation of claims to dispute the validity of the asserted claims.  The Court agrees that Defendants' Slides 73 and 74 relate to disproving validity, and should therefore be excluded from Defendants' opening statement.  However, the Court overrules Fujitsu's objections to Slides 75 and 76 as they may be used to support Defendants' defense to willfulness. |
| Defendants' Slides 43–50 and 67–68 | Overruled.  Fujitsu objects to Defendants' Slides 43–50 and 67–68 to the extent that they refer to the PTO finding a "substantial new question of patentability" in granting the reexamination requests.  Given the extent to which Fujitsu seeks to rely on the reexamination process in its opening statement, the Court does not find the Defendants' references to the standard for reexamination unduly prejudicial. |
| Slide 18, an ARLAN manual | Sustained.  Defendants do not dispute that they failed to disclose the document in their invalidity contentions.  While Fujitsu should have raised its objection to this document at the pretrial conference held on November 20, 2012, the Court finds this document must be excluded under the Court's prior ruling on Fujitsu's motion *in Limine* #5(d). |

**IT IS SO ORDERED.**

Dated: November 25, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3

Case No: 10-CV-03972-LHK
PRETRIAL ORDER AND RULING ON OPENING STATEMENT OBJECTIONS