United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FUJITSU LIMITED,

Plaintiff,

v.

BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,

Defendants.

Case No.: 10-CV-03972-LHK

ORDER RE: OBJECTIONS TO EXHIBITS AND TESTIMONY OF MASAYUKI OZAWA AND HITOSHI FUJI

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence ("FRE") 403, the Court rules on the parties' objections as follows:

**A. Masayuki Ozawa**

**1. Defendants' Objection**

| EXHIBIT NUMBER | Court's Ruling on Objection |
|---|---|
| Ozawa Slide 3 | Sustained. Pursuant to FRE 403, the probative value of this slide is outweighed by the danger of misleading the jury, confusing the issues, and causing unfair prejudice. |

**2. Fujitsu's Objections to Defendants' Cross-Examination Exhibits**

| EXHIBIT NUMBER | Court's Ruling on Objections |
|---|---|
| Prior art references not identified in Defendants' contentions | Overruled in part, sustained in part. Defendants have withdrawn DTX 197 and replaced it with DTX 599, which the parties have stipulated should be admitted without restrictions. Therefore, Fujitsu's objection to this exhibit is overruled. In addition, Fujitsu's objection to DTX 97—which is an excerpt from the '769 patent's file history and upon which opinion counsel relied—is overruled. Finally, Fujitsu's objection to DTX 106 (Vic-20) is overruled.<br><br>Fujitsu's objections as to DTX 203 and 204 are sustained. References that pre-date the April 30, 1991 priority date and were not disclosed in the |

United States District Court
For the Northern District of California

| | |
|---|---|
| | Defendants' invalidity contentions and expert report and are not on Defendants' list of prior art references will not be allowed to show the "state of the art." In addition, Fujitsu's objection to DTX 460—an article from the '769 patent's file history describing the PCMCIA standard that was not included in the Defendants' invalidity contentions, expert report, or list of 18 prior art references—is sustained. |
| PCMCIA-related prior art | Overruled in part, sustained in part. The Court finds that DTX 818 is admissible as it was fully disclosed in the invalidity contentions and discussed by Dr. Mihran in his expert report. The Court recognizes, however, that this exhibit number is not the same number discussed during the Pretrial Conference held on November 20, 2012, as the Defendants identified the wrong bates range in their invalidity contentions and identified the wrong exhibit number in their list of 18 prior art references. *See* ECF No. 398 n.1. No further mistakes of this sort will be permitted. Fujitsu's objection as to DTX 460 is sustained. |
| Prior Art devices lacking authentication or foundation | Fujitsu also objects to the devices identified at DTX 106 and 197, arguing that they have no authentication or foundation. Defendants have withdrawn DTX 197 and replaced it with DTX 599. As both parties have stipulated to the admission of DTX 599 without restriction, Fujitsu's objection is overruled. In addition, Fujitsu's objection to DTX 106 (Vic-20) is overruled. |

**B. Hitoshi Fuji**

**1. Defendants' Objections**

| **EXHIBIT NUMBER** | **Court's Ruling on Objections** |
|---|---|
| PTX 83 | Defendants' objection to this exhibit has been withdrawn. |
| PTX 300 | Sustained. The parties will stipulate to the specifics of notice or the entire exhibit will be admitted unredacted. |

**2. Fujitsu's Objections to Defendants' Cross-Examination Exhibits**

| **EXHIBIT NUMBER** | **Court's Ruling on Objections** |
|---|---|
| DTX 434–438 | Overruled. Fujitsu objects to exhibits consisting of communications between Fujitsu and third parties, many of which are labeled as privileged settlement communications pursuant to FRE 408. These licensing negotiations are not litigation settlements, but rather letters from Fujitsu attempting to license the '769 patent to other companies in the industry. The Court finds that these communications are relevant to questions of obviousness and to Defendants' willfulness defenses, and that their admission will be more probative than prejudicial. *See* FRE 401, 402, and 403. |
| DTX787 | Overruled. So long as DTX787 is a certified English translation of DTX |

United States District Court
For the Northern District of California

| | |
|---|---|
| | 575, it is admissible. To the extent that the parties have a translation dispute, they must meet and confer. The official interpreter selected by the parties shall resolve any translation disputes. |
| DTX466–473 | Sustained. Fujitsu objects to DTX 466–473 on the grounds that they are, in whole or in part, Japanese-language documents for which Defendants have not provided translations. No party will be allowed to use a foreign language document without a certified English translation. Should the parties have a translation dispute, they must meet and confer. The official interpreter selected by the parties will resolve any translation disputes. |

**IT IS SO ORDERED.**

Dated: November 26, 2012



LUCY H. KOH
United States District Judge