**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>              Plaintiff,<br><br>       v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>              Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER RE: OBJECTIONS TO EXHIBITS AND DEPOSITION TESTIMONY FOR NOVEMBER 27, 2012 |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence ("FRE") 403, the Court rules on the parties' objections as follows:

**A. Deposition Testimony**

   **1. Defendant's Objections to the Deposition Testimony of Brian Busse (Netgear 30(b)(6))**

| DEPOSITION TESTIMONY | Court's Ruling on Objections |
|---|---|
| 113:14-19; 113:23; 114:8-15<br><br>Proposed counter-designation at 4/25/12 transcript at 218:10-18 | Overruled. Fujitsu's designations relate to Netgear's actions upon receiving notice of the '769 patent and are thus relevant to Fujitsu's claims of willfulness and induced infringement. However, Fujitsu must include Defendants' proposed counter-designation for completeness and fairness, per FRE 106 and Rule 32(a)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as to ensure that the probative value of the testimony outweighs any potential prejudice, per FRE 403. The video time for Fujitsu's designation and the ordered counter-designation will be subtracted from Fujitsu's trial time. |
| 115:12-16; 115:25-116:10; 116:15-20; 116:22-24 | Overruled. Fujitsu has designated testimony about whether overlap exists between consumers who buy Netgear wireless adapters and Netgear wireless routers, as well as customers who buy Netgear wireless card interface devices and wireless routers. The Court finds that this testimony is relevant to direct and indirect infringement. Further, as there were no objections on the grounds that the questions went beyond the scope of the Rule 30(b)(6) notice, this issue is now waived. Finally, as Mr. Busse is Netgear's Director of Intellectual Property, there is reason to believe that he |

| | has personal knowledge and foundation to testify about the questions asked. Therefore, pursuant to FRE 403, the Court finds that this evidence is likely to be more probative than prejudicial. |
|---|---|
| 120:7-13; 120:15-19, proposed counter-designation at 120:20-25 | Overruled. Fujitsu asks Mr. Busse whether Netgear's ability to offer wireless cards, routers, and adapters aid the sale of all Netgear products. This evidence is relevant to the issue of active inducement and is circumstantial evidence of direct infringement. However, Fujitsu must include Defendants' proposed counter-designation for completeness and fairness, per FRE 106 and Fed. R. Civ. P. 32(a)(6), as well as to ensure that the probative value of the testimony outweighs any potential prejudice, per FRE 403. The video time for Fujitsu's designation and the ordered counter-designation will be subtracted from Fujitsu's trial time. |
| 127:22-128:1, proposed counter-designation at 128:2-9 | Overruled. This testimony deals with whether Netgear sent a litigation hold notice prior to Fujitsu filing suit. To the extent that Fujitsu seeks to use this evidence, however, it is opening the door to Defendants' spoliation claims against Fujitsu. In addition, to the extent that Fujitsu seeks to use this deposition testimony, Fujitsu must include Defendants' proposed counter-designation for completeness and fairness, per FRE 106 and Fed. R. Civ. P. 32(a)(6), as well as to ensure that the probative value of the testimony outweighs any potential prejudice, per FRE 403. The video time for Fujitsu's designation and the ordered counter-designation will be subtracted from Fujitsu's trial time. |
| 140:5-141:1; 141:4-141:8; PTX 300 | Sustained. The parties will stipulate to the specifics of notice or the entire exhibit will be admitted unredacted. |

**2. Defendant's Objections to the Deposition Testimony of Chia-Yu Chang (D-Link Corp. 30(b)(6))**

| DEPOSITION TESTIMONY | Court's Ruling on Objections |
|---|---|
| 105:7-105:12; 105:14-105:20; 106:3-106:5; 106:22-106:25; 107:2-107:8; 107:10-107:10; 107:12-107:16; 107:21-107:22; 107:24-107:25 | Overruled. D-Link Corp. objects to the designations of Mr. Chia-Yu Chang as beyond the scope of the 30(b)(6) designation and pursuant to FRE 402 and 403. The Court already ruled that this testimony should be admitted when it denied D-Link's motion *in limine* #4 on this issue, ECF No. 365 at 5, and denies D-Link Corp.'s motion for reconsideration here. |

**3. Defendant's Objections to the Deposition Testimony of David Henry (Netgear 30(b)(6))**

| DEPOSITION TESTIMONY | Court's Ruling on Objections |
|---|---|
| 35:9-35:14; 35:24-36:3, proposed counter-designation at 34:18-22 | Overruled. These deposition excerpts relate to testimony regarding the purchase of routers and adapter cards. The Court finds that this testimony is relevant because it is circumstantial evidence of infringement by end users. However, Fujitsu must include Defendants' proposed counter- |

| | |
|---|---|
| | designation for completeness and fairness, per FRE 106 and Fed. R. Civ. P. 32(a)(6), as well as to ensure that the probative value of the testimony outweighs any potential prejudice, per FRE 403.  The video time for Fujitsu's designation and the ordered counter-designation will be subtracted from Fujitsu's trial time. |
| 78:22-78:24; 79:1-79:6 | Overruled.  The Court finds this testimony to be highly relevant to the issue of inducement, particularly as it comes from Netgear's Vice President of Product Management and relates to Netgear's marketing practices.  Moreover, Defendants fail to state any compelling reason why this testimony is misleading, prejudicial, or a waste of time.  Pursuant to FRE 403, the Court finds this testimony to be more probative than prejudicial. |
| 94:3-94:16; 95:9-95:12, 95:14-95:14<br><br>proposed counter-designation at 94:17-95:7 | Overruled.  Defendants object to an internal Netgear document which allegedly describes interoperability of a Netgear adapter with third party routers.  Defendants argue that this evidence violates the Court's ruling excluding any evidence related to third party cards.  However, the document about which Mr. Henry is testifying is covered by the admissibility stipulation and appears on Defendants' own exhibit list.  The Court finds that this evidence is relevant to Fujitsu's claim of induced infringement.<br><br>However, Fujitsu must include Defendants' proposed counter-designation for completeness and fairness, per FRE 106 and Fed. R. Civ. P. 32(a)(6), as well as to ensure that the probative value of the testimony outweighs any potential prejudice, per FRE 403.  The video time for Fujitsu's designation and the ordered counter-designation will be subtracted from Fujitsu's trial time. |
| 119:9-119:14 | Overruled.   Defendants seek to exclude Mr. Henry's testimony about an internal Netgear document discussing sales forecasts and the ratio between sales of cards and external devices.  However, the parties have stipulated to the admissibility of the document about which Mr. Henry is testifying.  The Court finds that Netgear's sales are relevant to the case, *see* FRE 401 & 402, and that the probative value of this testimony outweighs any potential for prejudice, *see* FRE 403. |
| 141:24-142:13; 142:16-142:20, proposed counter designation at 130:9-16. | Overruled.  The Court finds this testimony—describing Netgear's strategy for persuading consumers to purchase wireless adapters and routers to be used together—to be relevant to inducement issues.   Further, the document being discussed is admissible for all purposes by agreement of the parties.  However, Fujitsu must include Defendants' proposed counter-designation for completeness and fairness, per FRE 106 and Fed. R. Civ. P. 32(a)(6), as well as to ensure that the probative value of the testimony outweighs any potential prejudice, per FRE 403.  The video time for Fujitsu's designation and the ordered counter-designation will be subtracted from Fujitsu's trial time. |
| 157:9-157:12 | Overruled.  Defendants object to excerpted testimony that "Netgear markets CardBus cards and routers, PCI adapters and USB adapters" under its RangeMax brand.  The Court finds this testimony to be relevant as one of the accused products (WPN511) is depicted in the exhibit.  Defendants provide no compelling justification for finding that the testimony would be |

| | confusing or a waste of time, and therefore should not be shown to a jury. Therefore, pursuant to FRE 403, the Court finds that the probative value of this evidence outweighs any potential prejudice. |

**4. Defendant's Objections to the Deposition Testimony of Steven Lin (Belkin 30(b)(6))**

| DEPOSITION TESTIMONY | Court's Ruling on Objections |
|---|---|
| 255:8-255:24 | Sustained. Defendants contend that the answers to the questions posed in this section of Mr. Lin's deposition were corrected pursuant to Fed. R. Civ. P. 30(e). Consequently, the original responses are no longer operative. Therefore, Fujitsu must read the corrected testimony directly after playing the designated videotaped testimony. The time for Fujitsu's video designation and reading of the correction will be subtracted from Fujitsu's trial time. |
| 258:24-259:13 | Sustained. Belkin provided another corporate witness, Chris Flower, to address "Defendant's investigation or analysis prior to September 3, 2010 regarding the infringement or non-infringement, validity or invalidity, and/or enforceability or unenforceability of the Fujitsu Patent," and Belkin has not objected to any of Fujitsu's designations for Chris Flower. Therefore, the Court finds that this excerpt of attorney colloquy during Mr. Lin's deposition testimony could waste time. |
| 442:1-442:10 | Overruled. The Court encourages the parties to stipulate that Belkin is not raising any defenses about procedural defects regarding service or jurisdiction, and that it will not challenge the premise that both corporate entities may be treated as one company for the purposes of this litigation. |

**5. Defendant's Objections to the Deposition Testimony of Alexander Mack (Belkin 30(b)(6))**

| DEPOSITION TESTIMONY | Court's Ruling on Objections |
|---|---|
| 29:5-29:11 | Overruled. To the extent that Fujitsu seeks to use this evidence, however, it is opening the door to Defendants' spoliation claims against Fujitsu. |
| 172:17-173:5; 184:11-185:6 | Overruled. The Court finds Mr. Mack's testimony regarding Belkin's limited role in the design and manufacture of the accused products to be relevant to *Georgia-Pacific* factor 13 (the portion of the realizable profit that should be credited to the invention as distinguished from any nonpatented elements, the manufacturing process, business risks or significant features or improvements added by the infringer). Further, it does not appear that this testimony suggests that Belkin is not an innovator. Therefore, the Court agrees with Fujitsu that, pursuant to FRE 403, the probative value of this testimony outweighs any potential prejudice. |

**6. Defendant's Objections to the Deposition Testimony of Gordon Mattingly (Netgear 30(b)(6))**

4

Case No: 10-CV-03972-LHK
ORDER RE: OBJECTIONS TO EXHIBITS AND DEPOSITION TESTIMONY FOR NOVEMBER 27, 2012

| DEPOSITION TESTIMONY | Court's Ruling on Objections |
|---|---|
| 104:10-13 | Sustained. It is unclear how the location of Netgear's manufacturing is related to damages, since it does not appear that Fujitsu's damages expert based his royalty rate on the location of Netgear's manufacturing. Further, the fact that Netgear manufactures its products overseas may be more prejudicial than probative. Accordingly, pursuant to FRE 403, the Court agrees that it should be excluded. |
| 131:12-20; 131:22-23 | Overruled. The Court finds Mr. Mattingly's testimony regarding Netgear's outsourcing of manufacturing operations relevant to *Georgia-Pacific* factor 13 (the portion of the realizable profit that should be credited to the invention as distinguished from any nonpatented elements, the manufacturing process, business risks or significant features or improvements added by the infringer). Therefore, the Court agrees with Fujitsu that, pursuant to FRE 403, the probative value of this testimony outweighs any potential prejudice. |

### 7. Defendant's Objections to the Deposition Testimony of Peter Newton (Netgear 30(b)(6))

| DEPOSITION TESTIMONY | Court's Ruling on Objections |
|---|---|
| 42:14-18; 43:4-5; 43:20-44:5 | Overruled. These designations relate to Netgear's document collection practices in this case. To the extent that Fujitsu seeks to use this evidence, however, it is opening the door to Defendants' spoliation claims against Fujitsu. |
| 62:1-9, proposed counter-designation at 62:10-17 | Overruled. The document about which Mr. Newton was testifying is included in the parties' admissible trial exhibit stipulation and is relevant to damages issues in this case. However, Fujitsu must include Defendants' proposed counter-designation for completeness and fairness, per FRE 106 and Fed. R. Civ. P. 32(a)(6), as well as to ensure that the probative value of the testimony outweighs any potential prejudice, per FRE 403. The video time for Fujitsu's designation and the ordered counter-designation will be subtracted from Fujitsu's trial time. |

### B. Exhibits

#### 1. Defendant's Objections to Exhibits for Brian Busse

| EXHIBIT NUMBER | Court's Ruling on Objections |
|---|---|
| PTX 299 | Sustained. The parties will stipulate to the specifics of notice or the entire exhibit will be admitted unredacted. |
| PTX 300 | Sustained. The parties will stipulate to the specifics of notice or the entire exhibit will be admitted unredacted. |

#### 2. Defendant's Objections to Exhibits for Robert Lin

| EXHIBIT NUMBER | Court's Ruling on Objections |
|---|---|
| PTX 70 | Overruled.  This is a product manual for an accused D-Link card that has been selected for this trial.  In addition, the parties have stipulated to its admissibility. |

**IT IS SO ORDERED.**

Dated:  November 26, 2012

_____
LUCY H. KOH
United States District Judge