Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
Thomas E. Garten (tgarten@cov.com) (CA Bar No. 247122)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:    415.591.6000
Facsimile:    415.591.6091

Philip A. Irwin (pirwin@cov.com) (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:    212.841.1000
Facsimile:    212.841.1010

Gary M. Rubman (grubman@cov.com) (admitted *pro hac vice*)
R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
William E. Zapf (wzapf@cov.com) (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:    202.662.6000
Facsimile:    202.662.6291

Attorneys for Plaintiff Fujitsu Limited

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED, <br><br>         Plaintiff, <br><br>     v. <br><br> BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC., <br><br>         Defendant. | Case No. 10-cv-03972-LHK (PSG) <br><br> **FUJITSU LIMITED'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS BELKIN INTERNATIONAL, INC. AND BELKIN, INC.'S SECOND SET OF INTERROGATORIES (6-11)** |
| AND RELATED COUNTERCLAIMS | |

## CONTAINS CONFIDENTIAL INFORMATION
### SUBJECT TO PROTECTIVE ORDER

Propounding Party:        Belkin International, Inc. and Belkin, Inc.

Responding Party:         Fujitsu Limited

Set No.                   Two (Interrogatory Nos. 6-11)

**DTX0868**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Fujitsu Limited ("Fujitsu Limited") hereby provides the following supplemental objections and responses to the Second Set of Interrogatories propounded by Defendants Belkin International, Inc. and Belkin, Inc. (collectively, "Belkin"):

**GENERAL OBJECTIONS**

1.      Fujitsu Limited objects to the interrogatories in this set, and to the definitions and instructions used by Belkin, to the extent the interrogatories, definitions, or instructions seek to impose obligations and burdens on Fujitsu Limited beyond those contemplated by the Federal Rules of Civil Procedure and applicable Civil Local Rules of the United States District Court for the Northern District of California ("Local Rules") (collectively "Discovery Rules"). Fujitsu Limited will comply with its discovery obligations under the Discovery Rules, but assumes no further discovery obligations in responding to these interrogatories.

2.      Fujitsu Limited's responses to the interrogatories in this set are based on Fujitsu Limited's investigation to date.  Fujitsu Limited reserves the right to modify and supplement its responses as its investigation continues, discovery proceeds, and this action moves forward, but Fujitsu Limited assumes no obligation to supplement its responses beyond those imposed by the Discovery Rules.

3.      Fujitsu Limited objects to the interrogatories in this set to the extent they seek disclosure of information or documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity ("Privileged Information").  Privileged Information will not be provided in response to these interrogatories.  The inadvertent disclosure of Privileged Information in response to these interrogatories shall not be deemed a waiver of any privilege as to the Privileged Information inadvertently disclosed or any other information or documents relating to that subject matter.

4.      Fujitsu Limited objects to the interrogatories in this set to the extent that they purport to require Fujitsu Limited to produce documents or provide information that are outside Fujitsu Limited's knowledge, possession, custody, or control.

1

5.     Fujitsu Limited objects to the interrogatories in this set to the extent that they seek information that is not relevant to the claims or defenses in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Fujitsu Limited objects to the interrogatories in this set to the extent that they seek information or documents that are subject to confidentiality or non-disclosure agreements with persons or entities that are not parties to this action.  Fujitsu Limited shall produce such information and documents only to the extent that it is permitted to do so under its agreements with such third parties and only after those third parties receive appropriate notice, are provided with a reasonable opportunity to respond, and do not raise any objection.

7.     Fujitsu Limited objects to Belkin's Definition No. 2 in its First Set of Interrogatories to the extent that it seeks to define "Fujitsu," "you," and "your" to include persons or entities other than Fujitsu Limited and may seek to require Fujitsu Limited to respond with regard to information or documents that are not within Fujitsu Limited's possession, custody, and control.  For purposes of its responses, Fujitsu Limited will define these terms to refer to Fujitsu Limited.

8.     Fujitsu Limited objects to Belkin's Definition No. 3 in its First Set of Interrogatories to the extent that it seeks to define "Belkin" to refer to persons or entities other than the named defendant in this action.  For purposes of its responses, Fujitsu Limited will define this term to mean Defendants Belkin International, Inc. and Belkin, Inc.

9.     Fujitsu Limited objects to Belkin's Definition No. 7 in its First Set of Interrogatories to the extent that it seeks to define "Patent-in-Suit" to include patents other than U.S. Patent No. Re 36,769 ("the '769 Patent" or "Ozawa Patent").  For purposes of its responses, Fujitsu Limited will define "PATENT-IN-SUIT" to mean the '769 Patent.

10.     Fujitsu Limited objects to Belkin's Definition No. 4 in its Second Set of Interrogatories to the extent that it is overly broad, vague and ambiguous, and seeks to define "Computer Cards" in a manner that include products that are not at issue in this litigation. In addition, Fujitsu Limited objects to Belkin's Definition No. 4 to the extent it seeks to define

2

"Computer Cards" as "any card peripheral interface device designed for computers." For purposes of its responses, Fujitsu Limited will define "Computer Cards" as cards that are capable of being inserted into the slot of an electronic device and which act as an interface between an electronic device and an external device providing a peripheral function for the electronic device.

### RESPONSE TO INTERROGATORIES

Omitted Materials Not Admitted Into Evidence

Omitted Materials Not Admitted Into Evidence

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Omitted Materials Not Admitted Into Evidence

5

Omitted Materials Not Admitted Into Evidence

Omitted Materials Not Admitted Into Evidence

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Omitted Materials Not Admitted Into Evidence

FUJITSU'S FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES          CASE NO. 10-CV-03972-LHK (PSG)
TO BELKIN'S SECOND SET OF INTERROGATORIES          CONTAINS CONFIDENTIAL INFORMATION

Omitted Materials Not Admitted Into Evidence

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Omitted Materials Not Admitted Into Evidence

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Omitted Materials Not Admitted Into Evidence

Omitted Materials Not Admitted Into Evidence

Omitted Materials Not Admitted Into Evidence

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Omitted Materials Not Admitted Into Evidence

14

Omitted Materials Not Admitted Into Evidence

**INTERROGATORY NO. 10**

Please describe with specificity your communications with or participation in any Standard Setting Organization relating to Computer Cards, such as the PCMCIA committee, and describe (a) the nature of the participation by You in each identified Standard Setting Organization, including the meetings attended; (b) whether You disclosed the Patent-in-Suit; and (c) the time, place, and manner in which the Patent-in-Suit was disclosed, including but not limited to identifying whether the Patent-in-Suit was identified as essential to any actual or prospective standard.

**RESPONSE TO INTERROGATORY NO. 10**

Fujitsu Limited objects to this interrogatory on the grounds set forth in General Objection Nos. 1-10 and hereby incorporates those objections by reference as if fully set forth herein.  Fujitsu Limited also objects to this interrogatory on the ground that it is overly broad, and is vague and ambiguous to the extent it seeks information about "communications with or participation in *any* Standard Setting Organization *relating to* Computer Cards" (emphases added). Fujitsu Limited limits its answer to the following Standard Setting Organizations: Japan Electronic Industries Development Association; Japan Electronics and Information Technology Industries Association; and Personal Computer Memory Card International Association. Fujitsu Limited also specifically objects to this interrogatory to the extent that it

1  seeks information not related to Fujitsu Limited. Subject to and without waiving the foregoing

2  objections, Fujitsu Limited responds as follows:

3       Fujitsu Limited has participated as a member of the Japan Electronic Industries

4  Development Association ("JEIDA"), as well as the Japan Electronics and Information

5  Technology Industries Association ("JEITA"), of which JEIDA became a part. Fujitsu Limited

6  has not participated as a member of the Personal Computer Memory Card International

7  Association ("PCMCIA").

8       In July 1996, Fujitsu Limited identified to JEIDA U.S. Patent No. 5,357,091 ("the '091

9  patent") as relevant to the JEIDA PC Card standard. The '091 patent was subsequently

10  disclosed to the PCMCIA. The PCMCIA PC Card Standard Reciprocal Grant of Immunity and

11  Sublicense confirms that the PCMCIA received and published Fujitsu Limited's notice of the

12  '091 patent. Indeed, the PCMCIA web site acknowledged (when it existed) as early as August

13  16, 2000 that the '091 patent had been disclosed to the PCMCIA, and clearly stated that

14  implementation of the PCMCIA standard may infringe the '091 patent. *See*

15  http://web.archive.org/web/20000816231201/http://www.pcmcia.org/grant.htm.

16       The '769 patent, which reissued from the '091 patent, has a substantively identical

17  disclosure.

18       Fujitsu Limited further responds that Fujitsu Limited had no obligations to disclose

19  materials to the PCMCIA. Nevertheless, as noted above, the Patent-in-Suit was in fact

20  disclosed to the PCMCIA.

21  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10**

22       Fujitsu Limited objects to this interrogatory on the grounds set forth in General

23  Objection Nos. 1-10 and hereby incorporates those objections by reference as if fully set forth

24  herein.  Fujitsu Limited also objects to this interrogatory on the ground that it is overly broad,

25  and is vague and ambiguous to the extent it seeks information about "communications with or

26  participation in *any* Standard Setting Organization *relating to* Computer Cards" (emphases

27  added). Fujitsu Limited limits its answer to the following Standard Setting Organizations:

28  Japan Electronic Industries Development Association; Japan Electronics and Information

Technology Industries Association; and Personal Computer Memory Card International

Association. Fujitsu Limited also specifically objects to this interrogatory to the extent that it

seeks information not related to Fujitsu Limited. Subject to and without waiving the foregoing

objections, Fujitsu Limited responds as follows:

Fujitsu Limited has participated as a member of the Japan Electronic Industries

Development Association ("JEIDA"), as well as the Japan Electronics and Information

Technology Industries Association ("JEITA"), of which JEIDA became a part. Fujitsu Limited

has not participated as a member of the Personal Computer Memory Card International

Association ("PCMCIA").

In July 1996, Fujitsu Limited identified to JEIDA U.S. Patent No. 5,357,091 ("the '091

patent") as relevant to the JEIDA PC Card standard. The '091 patent was subsequently

disclosed to the PCMCIA. The PCMCIA PC Card Standard Reciprocal Grant of Immunity and

Sublicense confirms that the PCMCIA received and published Fujitsu Limited's notice of the

'091 patent. Indeed, the PCMCIA web site acknowledged (when it existed) as early as August

16, 2000 that the '091 patent had been disclosed to the PCMCIA, and clearly stated that

implementation of the PCMCIA standard may infringe the '091 patent. *See*

http://web.archive.org/web/20000816231201/http://www.pcmcia.org/grant.htm.

The '769 patent, which reissued from the '091 patent, has a substantively identical

disclosure.

Fujitsu Limited further responds that Fujitsu Limited had no obligations to disclose

materials to the PCMCIA. Nevertheless, as noted above, the Patent-in-Suit was in fact

disclosed to the PCMCIA.

Pursuant to Federal Rule of Civil Procedure 33(d), the following documents, among

others, provide information responsive to this interrogatory:  FUJ0020456 – FUJ0020475;

FUJ0020573 – FUJ0020711; FUJ0163443 – FUJ0163450; FUJ0163455 – FUJ0163524;

FUJ0163559 – FUJ0163566; FSA00000001 – FSA00000002; and HP000183 – HP000221.

17

Omitted Materials Not Admitted Into Evidence

18

Omitted Materials Not Admitted Into Evidence

19

Omitted Materials Not Admitted Into Evidence

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FUJITSU'S FIRST SUPPLEMENTAL OBJECTIONS & RESPONSES          CASE NO. 10-CV-03972-LHK (PSG)
TO BELKIN'S SECOND SET OF INTERROGATORIES                           CONTAINS CONFIDENTIAL INFORMATION

Omitted Materials Not Admitted Into Evidence

1

2

3

4

5

6

7

8

9

10

11

12

13    DATED:  April 10, 2012

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COVINGTON & BURLING LLP


By:____/s/ Thomas E. Garten_____
     Thomas E. Garten
Attorneys for Plaintiff Fujitsu Limited

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on April 10, 2012, the following document

3

**FUJITSU LIMITED'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' BELKIN INTERNATIONAL, INC. AND BELKIN, INC.'S SECOND SET OF**
**INTERROGATORIES (6-11)**

4

5

was served by email delivery upon:

6

7

8       David P. Enzminger                          Michael Forbes
        Winston & Strawn LLP                         Jeffrey Phillips
        333 S. Grand Avenue                          Joshua Wyde
9       Los Angeles, CA 90071-1543                   Winston & Strawn LLP
        **Email: denzminger@winston.com**            1111 Louisiana, 25th Floor
10                                                   Houston, TX 77002
                                                     **Email: mforbes@winston.com**
11      **Attorneys for Belkin International, Inc.,**  **Email: jphillips@winston.com**
        **and Belkin, Inc.**                         **Email: jwyde@winston.com**
12

13                                                   **Attorneys for Belkin International, Inc.,**
                                                     **and Belkin, Inc.**

14

15

16

17                                    _/s/   Thomas E. Garten_

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE                                   CASE NO. 10-CV-03972-LHK (PSG)
                                                         CONTAINS CONFIDENTIAL INFORMATION

1    **VERIFICATION**

2      I, Hitoshi Fuji, declare that I am Senior Director, IP Business Promotion Division, for

3    Fujitsu Limited ("Fujitsu") and I am authorized to execute this verification on behalf of Fujitsu.

4    I have reviewed the discovery document captioned

5    **FUJITSU LIMITED'S FIRST SUPPLEMENTAL OBJECTIONS AND**
  **RESPONSES TO DEFENDANTS BELKIN INTERNATIONAL, INC. AND**

6    **BELKIN, INC.'S SECOND SET OF INTERROGATORIES (6-11).**

7    I affirm that I have personal knowledge that the facts contained therein are true and correct

8    or, as to matters that are not within my personal knowledge, that I have made a reasonable

9    inquiry and I am informed and believe that those facts are true and correct.

10     I declare under penalty of perjury under the laws of the United States that the

11   foregoing is true and correct.  Executed in Kawasaki, Japan, on November _15_, 2012.

12

13              By: _____

14                HITOSHI FUJI

15

16

17

18

19

20

21

22

23

24

25

26

27

28

             1