**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>            Plaintiff,<br><br>    v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>            Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL |

Before the Court are numerous administrative motions to seal related to the motions for summary judgment and summary adjudication that were resolved by Court Order at ECF No. 307, as well as administrative motions to seal various documents that were filed in anticipation of the trial that began on November 26, 2012. *See* ECF Nos. 251, 258, 263, 276, 283, 316, 324, 326, 331, 337, 356, 374, and 390 ("Sealing Motions"). For the reasons stated herein, the Court GRANTS in part and DENIES in part the parties' motions to seal.

## I.     Legal Standard

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong

1

1    presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*,

2    447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins.Co.*, 331 F.3d

3    1122, 1135 (9th Cir. 2003)).  In order to overcome this strong presumption, a party seeking to seal

4    a judicial record must articulate justifications for sealing that outweigh the public policies favoring

5    disclosure. *See id*. at 1178–79.  Because the public's interest in non-dispositive motions is

6    relatively low, a party seeking to seal a document attached to a non-dispositive motion need only

7    demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)

8    (applying a "good cause" standard to all non-dispositive motions because such motions "are often

9    unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks

10   and citation omitted).

11          Conversely, "the resolution of a dispute on the merits, whether by trial or summary

12   judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial

13   process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley*

14   *Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus,

15   a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must

16   articulate "compelling reasons" in favor of sealing.  *See id.* at 1178.  "The mere fact that the

17   production of records may lead to a litigant's embarrassment, incrimination, or exposure to further

18   litigation will not, without more, compel the court to seal its records." *Id*. at 1179 (citing *Foltz*,

19   331 F.3d at 1136).  "In general, 'compelling reasons' . . . exist when such 'court files might have

20   become a vehicle for improper purposes,' such as the use of records to gratify private spite,

21   promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon*,

22   435 U.S. at 598).  For purposes of sealing, the Ninth Circuit has adopted the definition of "trade

23   secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any

24   formula, pattern, device or compilation of information which is used in one's business, and which

25   gives him an opportunity to obtain an advantage over competitors who do not know or use it."

26   *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting *Restatement of Torts* § 757, cmt. b).

27   Additionally, "compelling reasons" may exist if sealing is required to prevent judicial documents

28

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  from being used "'as sources of business information that might harm a litigant's competitive

2  standing.'" *Id.* at 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

3  **II.      Litigants' Administrative Motions to Seal**

4          A.  Motions Pursuant to Civil Local Rule 79-5(d)

5          Civil Local Rule 79-5(d) governs motions to seal documents designated as confidential by

6  another party.  This rule requires "the designating party . . . [to] file with the Court and serve a

7  declaration establishing that the designated information is sealable" within seven days of the

8  motion.

9          Many of the documents that Fujitsu seeks to seal were designated as confidential by

10  Defendants.  Specifically, Defendants designated as confidential:

11  (1) the May 4, 2012 Expert Report of Dr. Tim A. Williams Regarding Infringement
         of U.S. Patent No. 36,769, attached as Exhibit A to the Declaration of Tim A.
12       Williams in support of Fujitsu's Motion for Summary Judgment and Summary
         Adjudication of Infringement, ECF No. 257, as well as Exhibit 13—an excerpt
13       from a D-Link sales spreadsheet (DKUS N-0787)—that was filed in connection
         with Fujitsu's Motion for Summary Judgment and Summary Adjudication of
14       Infringement, *see* ECF No. 258;
15
16  (2) Exhibits 27-B, 35, and 36, filed in connection with Fujitsu's Opposition to
         Defendants' Motion for Summary Adjudication of No Willful Infringement and
17       No Active Inducement, *see* ECF No. 276;

18  (3) Exhibits 4 and 5, which were submitted in connection with the parties' Joint
         Pretrial Statement, ECF No. 326;
19
20  (4) Exhibits 3, 8, and 23, filed in connection with Fujitsu's Opposition to
         Defendants' Joint *Daubert* Motion and Motions *in Limine*, *see* ECF No. 337;
21       and

22  (5) Fujitsu's trial brief, *see* ECF No. 390.
23
24  However, Defendants did not file declarations establishing why these documents must be filed

25  under seal.  Accordingly, pursuant to Civil Local Rule 79-5(d), Fujitsu's motions to seal these

26  documents, filed at ECF Nos. 258, 276, 326, 337, and 390, are DENIED without prejudice.  If any

27  portion of these exhibits has or will become part of the public trial record, Defendants shall not

28  seek to have that portion of the exhibit filed under seal.

3

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

1    In addition, Defendants designated as confidential portions of Fujitsu's Consolidated

2  Motions *in Limine* and Motions to Exclude Testimony of Defendants' Experts, as well as Exhibits

3  13–14, 19–23, 25–33, and 37–39, which were filed in connection with these motions.  As

4  Defendants did not file declarations establishing why these documents must be filed under seal, the

5  portion of Fujitsu's motion seeking to seal these documents, filed at ECF No. 324, is DENIED

6  without prejudice.  If any portion of these exhibits has or will become part of the public trial

7  record, Defendants shall not seek to have that portion of the exhibit filed under seal.

8    Finally, Defendants indicate that Fujitsu designated as confidential Exhibits 1 and 2, filed in

9  connection with Defendants' Opposition to Fujitsu's Motions *in Limine* and Motions to Exclude

10  Testimony of Defendants' Experts.  *See* ECF No. 331.  Fujitsu did not file a declaration

11  establishing that the designated information is sealable.  Therefore, the portion of Defendants'

12  motion seeking to seal Exhibits 1 and 2 is DENIED without prejudice.  If any portion of these

13  exhibits has or will become part of the public trial record, Fujitsu shall not seek to have that portion

14  of the exhibit filed under seal.

15    B.  Defendants' Administrative Motion to Seal Exhibits in Connection with the Motions
    for Summary Judgment and Summary Adjudication

16

17  Defendants seek to seal multiple exhibits that were filed in connection with their Motion for

18  Summary Judgment of Invalidity.  As Defendants' Motion for Summary Judgment of Invalidity is

19  a dispositive motion, Defendants must articulate "compelling reasons supported by specific factual

20  findings that outweigh . . . the public policies favoring disclosure."  *Kamakana*, 447 F.3d at 1178–

21  79 (internal quotation marks and citations omitted).  The Court does not find that Defendants have

22  articulated sufficient reasons to compel the Court to seal Defendants' exhibits.

23    First, Defendants move to seal two exhibits—Exhibits 5 and 36—that were submitted in

24  connection with Defendants' Motion for Summary Judgment of Invalidity.  *See* ECF No. 263.

25  Exhibit 5 contains portions of the June 14-15, 2012 deposition transcript of Fujitsu's technical

26  expert, Dr. Williams.  Exhibit 36 contains portions of Dr. Williams's expert report regarding

27  infringement of the '769 patent.  Defendants allege that the deposition testimony and expert report

28

United States District Court
For the Northern District of California

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court

For the Northern District of California

1    contain confidential descriptions of the design and operation of Defendants' accused products in

2    this case.

3         The Court is not persuaded that Defendants' interest in sealing these exhibits outweighs the

4    public's interest in accessing this information. Defendants' justification for sealing is vague,

5    overly broad, and unsupported by specific facts. To the extent that Defendants contend that these

6    exhibits must be sealed because the descriptions of Defendants' accused products constitute trade

7    secrets, Defendants have not identified any details to support such a designation. Consequently, it

8    is not clear how disclosing any of the information contained within Exhibits 5 and 36 would enable

9    competitors to obtain an unfair advantage. *See Kamakana*, 447 F.3d at 1179. Furthermore, as Dr.

10   Williams's report and deposition are crucial to Fujitsu's allegations of patent infringement, the

11   subject of these exhibits is highly relevant to the merits of the case. Therefore, there is a strong

12   presumption in favor of public access, and Defendants have not sufficiently articulated compelling

13   reasons to overcome this presumption. Thus, Defendants' motion to seal Exhibits 5 and 36 in

14   connection with their summary judgment motion, *see* ECF No. 263, is DENIED without

15   prejudice.[1] Defendants should not seek to re-file under seal any portion of these exhibits that is

16   disclosed publicly during trial.

17        Second, in connection with Defendants' reply in support of its Motion for Summary

18   Judgment of Invalidity, Defendants seek to file a document under seal that they contend consists of

19   confidential settlement negotiations. *See* ECF No. 283. However, Defendants fail to articulate

20   how the disclosure of this document could "become a vehicle for improper purposes,' such as the

21   use of records to gratify private spite, promote public scandal, circulate libelous statements, or

22   release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). Therefore,

23   Defendants' Administrative Motion to File Exhibit 47 Under Seal, ECF No. 283, is DENIED

24

25        [1] Defendants' motion to seal Exhibit 36 also is denied because Defendants designated Dr.
26   Williams's infringement report as confidential when Fujitsu filed it in connection with its Motion
     for Summary Judgment and Summary Adjudication of Infringement. *See* ECF No. 257 (filing
27   Exhibit A to the Declaration of Tim A. Williams under seal); ECF No. 258 (seeking leave to file
     Exhibit A under seal because Defendants deemed it confidential). However, as discussed in Part
28   II.A *infra*, Defendants did not file a declaration establishing why this document must be filed under
     seal. *But see* Civ. L. R. 79-5(d).

5

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

1    without prejudice.  Defendants should not seek to re-file under seal any portion of this exhibit that

2    is disclosed publicly during trial.

3                   C.   Defendants' Response to Fujitsu's Status Report Re Efforts to Narrow the Case

4            In connection with Defendants' Response to Fujitsu's Status Report Re Efforts to Narrow

5    the Case, Defendants move to seal two exhibits—Exhibit A, Dr. Williams's expert report regarding

6    infringement, and Exhibit B, portions of Dr. Williams's deposition transcript.  *See* ECF No. 251.

7    Since Fujitsu's Status Report Re Efforts to Narrow the Case is not a dispositive motion, Defendants

8    need only show "good cause" to seal these exhibits.  *Kamakana*, 447 F.3d at 1179–1180.

9    However, because all of Exhibit A and part of Exhibit B were also filed as part of dispositive

10   motions for which the Court has denied sealing, the Court DENIES-IN-PART and GRANTS-IN-

11   PART Defendants' motion as set forth more fully below.  *Cf. Rushford v. New Yorker Magazine,*

12   *Inc.,* 846 F.2d 249, 252 (4th Cir. 1988) ("Once the [sealed discovery] documents are made part of

13   a *dispositive* motion . . . they lose their status of being raw fruits of discovery.") (emphasis added

14   and quotation omitted).

15           First, the Court DENIES Defendants' motion to seal Exhibit A.  As discussed previously,

16   Defendants failed to file a declaration establishing why Dr. Williams's expert report regarding

17   infringement must be filed under seal when Fujitsu filed it in connection with its Motion for

18   Summary Judgment and Summary Adjudication of Infringement.  *See infra* Part II.A; ECF No.

19   258.  In addition, Defendants failed to set forth compelling reasons for sealing parts of the report

20   when Defendants filed it as Exhibit 36 in support of their Motion for Summary Judgment of

21   Invalidity.  *See infra* Part II.B; ECF No. 263.  Therefore, in accordance with Parts II.A and II.B of

22   this Order, the Court DENIES Defendants' request to file Dr. Williams's expert report regarding

23   infringement under seal in connection with its Response to Fujitsu's Status Report Re Efforts to

24   Narrow the Case.  ECF No. 251.

25           Second, the Court DENIES-IN-PART and GRANTS-IN-PART Defendants' motion to seal

26   Exhibit B, which contains portions of Dr. Williams's deposition transcript.  *See* ECF No. 252-3

27   (seeking to file under seal pages 1, 54–55, 72–74, 85–86, 93–94, 105–106, 110–113, 212–221,

28   256–259, and 262 of Dr. Williams's deposition transcript).  As discussed previously, Defendants

6

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

1    failed to set forth compelling reasons for filing parts of Dr. Williams's deposition transcript under

2    seal when including it as Exhibit 5 to Defendants' Motion for Summary Judgment of Invalidity.

3    *See infra* Part II.B; ECF No. 263.  Therefore, the parts of Exhibit B that were also filed as Exhibit 5

4    to Defendants' summary judgment motion have "los[t] their status of being raw fruits of discovery"

5    and may not remain under seal.  *Rushford*, 846 F.2d at 252.  Within seven days, Defendants must

6    file publicly pages 1, 54–55, 85, and 262 of Dr. Williams's deposition transcript.

7            In contrast, the Court finds that Defendants have alleged "good cause" to file under seal the

8    parts of Exhibit B that were not also filed as Exhibit 5 to Defendants' summary judgment motion—

9    pages 72–73, 86, 93–94, 105–106, 110–113, and 212–221 of Dr. Williams's deposition transcript.

10   Defendants contend that good cause exists because Dr. Williams' deposition was designated as

11   "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  *See Phillips ex rel.*

12   *Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("When a court

13   grants a protective order for information produced during discovery, it already has determined that

14   'good cause' exists to protect this information from being disclosed to the public by balancing the

15   needs for discovery against the need for confidentiality.").  Defendants also assert that this exhibit

16   contains confidential descriptions of the design and operation of Defendants' accused products in

17   this case.  The Court is satisfied that Defendants' justifications for sealing rise to the level of "good

18   cause."  *See Pintos*, 605 F.3d at 678 (justifying the lower standard that applies to non-dispositive

19   materials because "private materials unearthed during discovery . . . are not part of the judicial

20   record").  Accordingly, the Court GRANTS Defendants' request to file Exhibit B under seal pages

21   72–73, 86, 93–94, 105–106, 110–113, and 212–221 of Dr. Williams's deposition transcript.  If,

22   during trial, any of these pages becomes part of the public record, Defendants must publicly file the

23   part of the exhibit used during trial within seven days of the public disclosure.

            D.   Administrative Motions to Seal Exhibits in Connection with Pretrial *Daubert*
                 Motions and Motions *in Limine*

24
25

26           The parties also move to seal exhibits from their *Daubert* motions and motions *in Limine*

     that were filed in preparation for trial.  As the Ninth Circuit stated recently in *In re Midland Nat.*
27
     *Life Ins. Co. Annuity Sales Practices Litigation*, 686 F.3d 1115 (9th Cir. 2012) (per curiam),
28

                                                      7

     Case No.: 10-CV-03972-LHK
     ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    whether "records are connected to a *Daubert* motion does not, on its own, conclusively resolve"

2    whether the exhibits "fall into the exception for sealed discovery documents." *Id*. at 1119–20.

3    Rather, the critical inquiry is whether the motion is connected to a proceeding that is "potential[ly]

4    case dispositive." *Id*.  Therefore, the Ninth Circuit concluded in *Midland*  that the district court

5    erred by failing to apply the "compelling reasons" standard on a *Daubert* motion because it was

6    connected to a pending motion for summary judgment.  In so doing, the Court emphasized that the

7    records at issue related to "central issues bearing on defendant's summary judgment motion." *Id*.

8          Here, Defendants move to seal three exhibits—Exhibits A and D which were filed in

9    connection with Defendants' *Daubert* Motion and Motions *in Limine*, ECF No. 316, and Exhibit 9,

10   which was filed in connection with Defendants' Opposition to Fujitsu's Motions *in Limine* and

11   Motions to Exclude Testimony of Defendants' Experts, ECF No. 331.  Exhibit A is a copy of the

12   expert report of Paul K. Meyer, Fujitsu's damages expert.  *See* ECF No. 316.  Exhibit D is an

13   attachment to Mr. Meyer's expert report.  *Id*.  Defendants also seek to seal Exhibit 9, which is an

14   excerpt from the deposition of Dr. Russell Mangum, D-Link System's and D-Link Corporation's

15   damages expert.  ECF No. 331.

16         The Court finds that these three exhibits relate to the resolution of the case on the merits as

17   they are essential to each party's calculation of damages.  Mr. Meyer and Dr. Mangum will be

18   testifying extensively at trial regarding the substance of these expert reports.  Moreover, complete

19   exclusion of either expert's testimony, through a *Daubert* motion, could have critically affected the

20   outcome of the case.  *See Midland*, 686 F.3d at 1120.  Accordingly, the Court applies a

21   "compelling reasons" standard to Defendants' motions to seal these exhibits.  *See Kamakana*, 447

22   F.3d at 1178–79.

23         The Court is not persuaded that Defendants have set forth "compelling reasons" to justify

24   maintaining these exhibits under seal.  Defendants allege that Exhibits A, D, and 9 contain

25   financial information of Defendants and third parties, and that public disclosure of this information

26   would create a substantial risk of adversely affecting Defendants' and third parties' businesses.

27   While there may be a limited amount of exceptionally sensitive information contained in these

28   exhibits, Defendants' broad request to seal does not specify which sections of these exhibits

8

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

1    contain particularly sensitive information, why this information must remain confidential, or how

2    its disclosure might become a vehicle for improper purposes.  As much of the information

3    contained in these exhibits is likely to be discussed publicly during trial, the Court is not convinced

4    that Defendants' interest in sealing these documents outweighs the need for public access.

5    Therefore, the Court DENIES without prejudice Defendants' Motions to Seal Exhibits A and D

6    filed in connection with Defendants' *Daubert* Motion and Motions *In Limine*, ECF No. 316, and

7    DENIES without prejudice Defendants' Motion to Seal Exhibit 9, filed in connection with

8    Defendants' Opposition to Fujitsu's Motions *in Limine* and Motions to Exclude Testimony of

9    Defendants' Experts, ECF No. 331.  Defendants should not seek to re-file under seal any portion of

10   these exhibits that is disclosed publicly during trial.

11            Fujitsu also seeks to seal exhibits attached to its Motions in *Limine* and Motions to Exclude

12   Testimony of Defendants' Experts.  Specifically, Fujitsu seeks to file under seal: (1) Exhibit 9,

13   excerpts from the transcript of the March 22, 2012 deposition of Hiroshi Fuji, the Rule 30(b)(6)

14   witness; (2) Exhibit 10, Bates numbered JIV_TR00044-JIC_TR 00055; and (3) Exhibit 34, a patent

15   license agreement produced by Fujitsu.  ECF No. 324.  The Court finds that the substance of

16   Fujitsu's Motions *in Limine* and Motions to Exclude Testimony of Defendants' Experts relates

17   directly to the underlying causes of action and the issues to be resolved at trial.  Accordingly, the

18   Court applies a "compelling reasons" standard to Fujitsu's motion to seal these exhibits.

19            For Exhibit 9, Fujitsu has designated 350:1–353:9 of Mr. Fuji's deposition transcript as

20   highly confidential because it contains proprietary information relating to Fujitsu's internal

21   evaluations that Fujitsu does not disclose to the public or to its competitors.  However, the Court

22   already found the substance of this testimony to be "highly probative" when ruling on Fujitsu's

23   Motion *in Limine* #3.  *See* ECF No. 365.  In addition, this portion of the deposition transcript is

24   related closely to the deposition testimony that was already presented during trial.  Since Fujitsu

25   has not articulated facts sufficient to overcome the strong presumption in favor of granting public

26   access to this information, the Court DENIES the motion to seal this exhibit without prejudice.

27            Exhibit 10 contains documents Bates Numbered FUJ0020153 – FUJ0020163, which

28   Defendants Listed as DTX 575 in their Third Amended Trial Exhibit List and the Court admitted

9

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

1    into evidence at trial on November 27, 2012.  *See* ECF Nos. 409, 411, 413, and 466.  Since this

2    Exhibit is already part of the public trial record, the Court DENIES Fujitsu's motion to seal Exhibit

3    10 with prejudice.

4        Finally, for Exhibit 34, Fujitsu has designated its Patent License Agreement with Agere

5    System, Inc. to be confidential.  Pursuant to Paragraph 1.05 of the agreement, Fujitsu contends that

6    it is required to maintain the confidentiality of the terms of the agreement absent court order.

7    However, both parties have stipulated to the admissibility of this exhibit, and it was admitted into

8    evidence at trial on December 3, 2012.  *See* ECF No. 423.  Since this Exhibit is part of the public

9    trial record, the Court DENIES Fujitsu's motion to seal Exhibit 34 with prejudice.

10        E.   Defendants' Stipulation Regarding Sales of Defendants' Accused Products

11        Finally, Defendants seek to file under seal three exhibits attached to their Stipulation

12   Regarding Sales of Defendants' Accused Card Interface Device and Kits, which Defendants filed

13   initially at ECF Nos. 355 & 356, and then revised and re-filed at ECF Nos. 373 & 374.  In the

14   stipulation, Defendants request "that the Court enter an Order Providing that Exhibits 1, 2, 3 . . . be

15   deemed *for purposes of the upcoming trial* to accurately reflect the yearly net revenues of each of

16   Defendants' accused card interface devices, kits, and external devices at issue in that trial."  *See*

17   ECF No. 373 (emphasis added).

18        The Court finds that these three exhibits are related to the resolution of the case on the

19   merits as they are essential to each party's calculation of damages.  Accordingly, Defendants "must

20   articulate compelling reasons supported by specific factual findings" to justify maintaining these

21   exhibits under seal.  *Kamakana*, 447 F.3d at 1178–79.  While Defendants allege generally that the

22   information contained in Exhibits 1, 2, and 3 includes "highly confidential financial information,"

23   *see* ECF No. 374-1, Defendants do not allege with any specificity how or why disclosure of this

24   information would outweigh the strong presumption of public access.  Moreover, Fujitsu already

25   disclosed the total revenue of sales of Defendants' accused products in this trial.  Therefore,

26   Defendants' motions to file under seal the exhibits attached to the stipulations regarding sale of

27   Defendants' accused products, ECF Nos. 356 & 374, are DENIED with prejudice.

28   **III.   Conclusion**

10

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For the foregoing reasons, the Court GRANTS-IN-PART and DENIES-IN-PART the parties' administrative motions to seal documents.  For each exhibit to a prior motion where the Court has denied Fujitsu's motion to seal, Fujitsu shall re-file that exhibit consistent with this Order within seven days.  Defendants shall do the same for any exhibit to a prior motion for which its motion to seal has been denied or granted-in-part and denied-in part.  In addition, if any portion of the exhibits that the parties wish to file under seal becomes part of the public trial record, the parties must file that portion publicly within seven days of disclosure during trial.

| Administrative Motion to File Under Seal | Exhibit Number filed Under Seal | Ruling |
|---|---|---|
| ECF No. 251 | **Exhibits A & B**, attached to the Declaration of William R. Overend in Support of Defendants' Response to Fujitsu's Status Report Re Efforts to Narrow the Case, filed at ECF No. 252. | GRANTED-IN-PART, DENIED-IN-PART.  The Court DENIES Defendants' motion to seal Exhibit A and DENIES-IN-PART, GRANTS-IN-PART Defendants' motion to seal Exhibit B. |
| ECF No. 258 | **Exhibit A** attached with Declaration of Dr. Tim A. Williams, ECF No. 257, and **Exhibit 13**, attached to the Declaration of Thomas E. Garten in Support of Fujitsu's Motion for Summary Judgment and Summary Adjudication Regarding Infringement, ECF No. 256. | DENIED without prejudice.  Defendants did not submit a declaration establishing why these documents must be filed under seal pursuant to Civil Local Rule 79-5(d).<br><br>If any portion of these exhibits has or will become part of the public trial record, Defendants shall not seek to have that portion of the exhibit filed under seal. |
| ECF No. 263 | **Exhibits 5 & 36,** attached to the Declaration of Joshua S. Wyde in Support of Defendants' Motion for Summary Judgment of Invalidity, ECF No. 262. | DENIED without prejudice.  Defendants have not sufficiently articulated facts that support a "compelling reason" to keep this information from the public.<br><br>Defendants should not seek to re-file under seal any portion of these exhibits that is disclosed publicly during trial. |
| ECF No. 276 | **Exhibits 27-B, 35, and 36,** attached to the Declaration of Thomas E. | DENIED without prejudice.  Defendants did not submit a declaration establishing why these documents must be filed under seal pursuant to |

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

| | | |
|---|---|---|
| | Garten in Support of Fujitsu's Opposition to Defendants' Motion for Summary Adjudication of No Willful Infringement and No Active Inducement, ECF No. 274. | Civil Local Rule 79-5(d).<br><br>If any portion of these exhibits has or will become part of the public trial record, Defendants shall not seek to have that portion of the exhibit filed under seal. |
| ECF No. 283 | **Exhibit 47** to Second Declaration of Joshua S. Wyde in Support of Reply to Fujitsu's Response to Defendants' Motion for Summary Judgment of Invalidity, ECF No. 282. | DENIED without prejudice. Defendants have not sufficiently articulated facts that support a "compelling reason" to keep this information from the public. |
| ECF No. 316 | **Exhibits A and D,** filed in connection with the Declaration of Seth B. Herring in Support of *Daubert* Motion and Motions *in Limine*, ECF No. 319. | DENIED without prejudice. Defendants have not sufficiently articulated facts that support a "compelling reason" to keep this information from the public. |
| ECF No. 324 | **Portions of Fujitsu's Consolidated Motions *in Limine* and Motions to Exclude Testimony of Defendants' Experts; Exhibits 9, 10, 13, 14, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37, 38, 39**, attached to the Declaration of Brianne Bharkhda in Support of Fujitsu's Consolidated Motions *in Limine* and Motions to Exclude Testimony of Defendants' Experts, ECF No. 322. | DENIED without prejudice.<br><br>In accordance with Civil Local Rule 79-5(d), Defendants did not submit a declaration establishing why Exhibits 13–14, 19–23, 25–33, and 37–39, as well as the redacted portions of Fujitsu's Consolidated Motions *in Limine* and Motions to Exclude Testimony of Defendants' Experts, must be filed under seal. If any portion of these documents has been or will be disclosed publicly during trial, the parties shall not seek to have that portion of the exhibit filed under seal.<br><br>Fujitsu's motion to seal Exhibit 9 is DENIED without prejudice and its motion to seal Exhibits 10 and 34 is DENIED with prejudice. |
| ECF No. 326 | **Exhibits 4 & 5** to the Joint Pretrial Statement, ECF No. 325. | DENIED without prejudice. Defendants did not submit a declaration establishing why these documents must be filed under seal pursuant to Civil Local Rule 79-5(d). |
| ECF No. 331 | **Exhibits 1, 2, & 9,** attached to Declaration of Seth B. Herring in Support of Opposition to Motions, ECF No. 333. | Exhibits 1 & 2 are DENIED without prejudice. Fujitsu did not submit a declaration establishing why these documents must be filed under seal pursuant to Civil Local Rule 79-5(d). |

Case No.: 10-CV-03972-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO SEAL

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| | | Exhibit 9 is also DENIED without prejudice. Defendants have not sufficiently articulated facts that support a "compelling reason" to keep this information from the public. |
| ECF No. 337 | **Exhibits 3, 8, 23,** attached to Declaration of Thomas E. Garten in Support of Fujitsu's Opposition to Defendants' Joint Daubert Motion and Motions in Limine, ECF No. 335. | DENIED without prejudice. Defendants did not submit a declaration establishing why these documents must be filed under seal pursuant to Civil Local Rule 79-5(d).<br><br>If any portion of these exhibits has or will become part of the public trial record, Defendants shall not seek to have that portion of the exhibit filed under seal. |
| ECF No. 356 & 374 | **Exhibits 1, 2, and 3,** filed in connection with Defendants' Stipulation and Proposed Order Regarding Sales Of Defendants Accused Card Interface Devices and Kits, ECF No. 355, 373. | DENIED with prejudice. The total revenue of sales of Defendants' accused products was already disclosed in the trial. |
| ECF No. 390 | **Fujitsu's trial brief**, ECF No. 389. | DENIED without prejudice. Defendants did not submit a declaration establishing why this document must be filed under seal pursuant to Civil Local Rule 79-5(d). |

**IT IS SO ORDERED.**

Dated: December 3, 2012

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

13