UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>　　　　Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER RE: OBJECTIONS TO D-LINK SYSTEMS, INC.'S DIRECT EXAMINATION EXHIBITS FOR A.J. WANG |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence ("FRE") 403, the Court rules on the parties' objections as follows:

| EXHIBITS | Court's Ruling on Objections |
|---|---|
| Attachment to DTX 792 dealing with interim office actions | Sustained. Defendants' Exhibit Number 792 is the January 14, 2011 opinion letter from D-Link's opinion counsel, Mr. E. Robert Yoches, to D-Link's outside counsel, Christine Yang. D-Link intends to admit this exhibit through the direct examination of Mr. Wang, D-Link's corporate "relier." Fujitsu does not object to the use of the January 2011 opinion letter during the direct examination of Mr. Wang. ECF No. 470.<br><br>However, Fujitsu objects to the documents that were attached to the opinion letter. Specifically, Fujitsu objects to the exhibits that involve interim office actions.<br><br>In Fujitsu's Motion *in Limine* #2, the Court already ruled that, pursuant to FRE 403, the potential prejudice of admitting evidence relating to interim office actions outweighs any probative value. Accordingly, these documents may not be admitted into evidence at trial. |
| DTX 526, DTX 592, DTX 630, DTX 715[1] | The Court overrules Fujitsu's objections to DTX 526, 592, 630, and 715, each of which is a prior art document that was attached to the January 2011 |

---

[1] As the Court stated previously, the parties are limited to three objections per witness. ECF No. 445, at 362:2–3. Nevertheless, this Order considers all of Fujitsu's objections to D-Link System's Direct Examination Exhibits for December 4, 2012, because they are essentially part of one objection to DTX 792. Moreover, given the reasonableness with which the parties have raised

1

Yoches opinion.

Although Fujitsu's objection is predicated on a lack of foundation, Fujitsu does not actually appear to be contesting the authenticity of these exhibits. Notably, Fujitsu has already stipulated to the admissibility of DTX 526, 592, 630, and 715 for the limited purpose of lack of willfulness and active inducement. Moreover, Fujitsu concedes that "it may be appropriate to admit these exhibits through D-Link's opinion counsel, Mr. Yoches." ECF No. 470 at 3. Therefore, Fujitsu's objection appears only procedural in nature. *But see Greenwich Ins. Co. v. Media Breakaway, LLC*, No. 08-937, 2009 WL 2231678, at 3 (C.D. Cal. July 22, 2009) (citing *Fenje v. Feld*, 301 F. Supp. 2d 781, 789 (N.D. Ill. 2003), for the proposition that "[e]ven if a party fails to authenticate a document properly or to lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic.").

Pursuant to Federal Rules of Evidence 403 and 901(a), the Court finds that D-Link System's exhibits appear to be genuine on their face and that their probative value outweighs any prejudicial effect. *See United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985) (noting that FRE 901(a) only requires "that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. The credibility or probative force of the evidence offered is, ultimately, an issue for the jury."); *see also* Fed. R. Evid. 901(b)(4) (stating that evidence that satisfies the authenticity requirements includes, but is not limited to, "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.").

**IT IS SO ORDERED.**

Dated: December 3, 2012

_____
LUCY H. KOH
United States District Judge

---

objections as of late, the Court recognizes that there may be circumstances that warrant an exception to the Court's limitation so long as a party can establish good cause.

2
Case No: 10-CV-03972-LHK
ORDER RE: OBJECTIONS TO D-LINK SYSTEMS, INC.'S DIRECT EXAMINATION EXHIBITS