UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>            Plaintiff,<br><br>     v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>            Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER DENYING MOTIONS TO SEAL |

Before the Court are two administrative motions to seal documents related directly to evidence to be submitted at trial. ECF Nos. 462, 469.  For the reasons stated herein, the Court DENIES the parties' motions to seal.

**I.      Legal Standard**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins.Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  In order to overcome this strong presumption, a party seeking to seal

1

a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id*. at 1178–79. Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. at 1179 (citing *Foltz*, 331 F.3d at 1136). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon*, 435 U.S. at 598).

## II. Litigants' Administrative Motions to Seal

Given the strong presumption in favor of making documents presented at trial publicly available, *see Kamakana*, 447 F.3d at 1178–79, the Court will deny any requests to file exhibits or other records related to trial under seal unless a party's request is narrowly tailored and establishes a "compelling reason."

### A. D-Link Corporation's Objections to Fujitsu's Disclosure of Exhibits PTX 302, PTX 128, and DTX 833

Defendant D-Link Corporation seeks to file under seal PTX 302, PTX 128, and DTX 833, as well as the May 29, 2012 Rebuttal Expert Report of Russell W. Mangum III to be used at trial

2

Case No.: 10-CV-03972-LHK
ORDER DENYING MOTIONS TO SEAL

on December 3, 2012.  ECF No. 462.  D-Link Corporation requests that these documents remain under seal because they "contain sales information which is highly-confidential and should not be filed on the public record."  ECF No. 462, at 2.

The Court is not persuaded that D-Link Corporation's interest in sealing sales information outweighs the public's interest in accessing this information.  D-Link Corporation articulates no facts that support a "compelling reason" to keep this information under seal.  Moreover, on December 2, 2012, the Court denied D-Link Corporation's objections to the admissibility of Exhibits PTX 302, PTX 128, and DTX 833.  Exhibits PTX 302A and 833 were then entered into evidence at trial on December 3, 2012.  Thus, Defendant D-Link Corp.'s Motion for Administrative Relief to File the Objections to Fujitsu's Disclosure of Exhibits PTX 302, PTX 128, and DTX 833 is DENIED with prejudice.

    B.   <u>Fujitsu's Motion for Administrative Relief to File Under Seal an Excerpt from the May 30, 2012 Rule 30(b)(6) Deposition of A.J. Wang</u>

Fujitsu seeks to file under seal an excerpt from the May 30, 2012 Rule 30(b)(6) deposition of A.J. Wang.  ECF No. 469.  Fujitsu contends that, prior to filing this document in connection with Fujitsu's Objections to D-Link System, Inc.'s Direct Examination Exhibits for A.J. Wang, Fujitsu contacted counsel for D-Link Systems, Inc. to determine whether D-Link Systems, Inc. would permit the filing of this document in the public record.  Fujitsu had not received a response at the time of filing, and therefore filed the document under seal pursuant to the terms of the parties' Stipulated Protective Order, ECF No. 122.

As of the date of this Order, D-Link Systems has neither filed with the Court a declaration articulating why compelling reasons exist to maintain this information under seal nor lodged and served a narrowly tailored proposed sealing order.  *But see* Civ. Local R. 79-5(d).  Furthermore, the Court anticipates that the substance of this document will be disclosed publicly during trial.  Therefore, Fujitsu's motion to seal an excerpt of A.J. Wang's deposition is DENIED without prejudice.  If D-Link Systems, Inc. continues to believe that this document must remain under seal, within seven days it must set forth compelling reasons to maintain this document under seal.

**III.     Conclusion**

3

For the foregoing reasons, the Court DENIES the parties' administrative motions to seal documents. D-Link Corporation shall re-file exhibits PTX 302, PTX 128, and DTX 833, as well as the May 29, 2012 Rebuttal Expert Report of Russell W. Mangum III, consistent with this Order within seven days. Similarly, unless D-Link Systems, Inc. files a declaration with the Court within seven days articulating why compelling reasons exist to maintain under seal an excerpt from the May 30, 2012 Rule 30(b)(6) deposition of A.J. Wang, Fujitsu shall re-file this document in accordance with this Order.

**IT IS SO ORDERED.**

Dated: December 3, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge