Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
Thomas E. Garten (tgarten@cov.com) (CA Bar No. 247122)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone: 415.591.6000
Facsimile: 415.591.6091

Philip A. Irwin (pirwin@cov.com) (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212.841.1000
Facsimile: 212.841.1010

Gary M. Rubman (grubman@cov.com) (admitted *pro hac vice*)
R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
William E. Zapf (wzapf@cov.com) (admitted *pro hac vice*)
Brianne Bharkhda (bbharkhda@cov.com) (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: 202.662.6000
Facsimile: 202.662.6291

Attorneys for Plaintiff Fujitsu Limited

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FUJITSU LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC.,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 10-cv-03972-LHK (PSG)<br><br>**FUJITSU LIMITED'S REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER SUPPLEMENTAL OPINIONS OF DEFENDANTS' DAMAGES EXPERTS** |

Fujitsu respectfully submits this reply in support of its motion to strike improper supplemental opinions of Defendants' damages experts (ECF No. 449) in order to (1) clarify the disagreement among the parties and (2) address certain mistaken characterizations made by Defendants regarding the scope of the Court's November 15 Order and Mr. Meyer's supplemental report in response thereto.

***First***, Defendants do not dispute the underlying basis for Fujitsu's motion to strike: Defendants' damages experts did not disclose their new opinions prior to the Rule 26 deadline for their rebuttal expert reports in May 2012, even though they had a full and fair opportunity to do so.  Defendants do not dispute that neither Dr. Leonard nor Dr. Mangum provided opinions in their rebuttal reports that damages should be limited to use of external devices with only each particular defendant's own cards, as they each now argue.  In fact, it is undisputed that, prior to November 21, 2012, neither Dr. Leonard nor Dr. Mangum had provided any calculations limiting damages in this manner (i.e., on a Defendant-specific basis).  Nor do Defendants dispute that their damages experts *could have* provided such opinions in their May 2012 rebuttal reports.  Indeed, the fact that both experts opined that *non-defendant* cards should be excluded from the calculation illustrates that both experts could have gone further and disclosed this new theory six months ago in May.[1]  Finally, Defendants do not dispute that their damages experts did not even attempt to supplement their Rule 26 disclosures from May 2012 until the day before Thanksgiving.  This last-minute disclosure one business day before the start of trial and six months after the deadline for the disclosure of such opinions is therefore an unreasonable delay that has already unfairly prejudiced Fujitsu's ability to present its case to the jury.

***Second***, Defendants have either misinterpreted or mischaracterized the Court's November 15 Order regarding "third party cards."  Defendants correctly note in their

---

[1] Dr. Leonard actually excluded such third-party cards *while retaining other defendants' cards*. *See* Expert Report of Dr. Gregory K. Leonard at 43-44 ¶ 104-105 & Ex. 4 (May 29, 2012), attached to Fujitsu's motion to strike (ECF No. 449, Ex. 3).  In contrast, Dr. Mangum provided no calculation at all on this topic in his original disclosures.

1

opposition that the Court ordered Mr. Meyer to exclude damages for Defendants' sales of external devices "used with third party cards." Opp. at 1 (citing ECF No. 369 at 14). In the very next sentence, however, Defendants incorrectly infer that Mr. Meyer did *not* follow the Court's Order, stating that Mr. Meyer "tendered a supplemental report, *but* his calculations treated all of the Defendants as a single entity." *Id.* (emphasis added). Specifically, Defendants claim that Mr. Meyer used a "flawed definition of 'third party cards'," arguing that "*all products not made by that Defendant are 'third party cards.'*" *Id.* (emphasis in original).

In fact, it appears that the Defendants have misinterpreted the Court's use of "third party cards," not Mr. Meyer. This misinterpretation, in turn, illustrates that Defendants' experts' belated opinions are not responsive to Mr. Meyer's supplemental report. The Court's November 15 Order addressed Mr. Meyer's inclusion of "*third party, non-infringing cards which the Court has excluded from this case.*" ECF No. 370 at 11 (citing ECF No. 307, at 14) (emphasis added). Contrary to Defendants' argument now, those "third-party, non-infringing cards" excluded from the case simply do not encompass *other* defendants' cards—all of which the Court already have found to be infringing.[2] Accordingly, Mr. Meyer's supplemental expert report complied fully with the Court's Order and Defendants' attempt to shoehorn their new damages theory into purportedly responsive supplemental reports on the eve of trial are improper and should be disallowed.

For the reasons stated above and in Fujitsu's motion to strike, Fujitsu respectfully requests that the Court preclude Defendants' experts from introducing these improperly disclosed opinions and supporting documents at trial.

DATED: December 4, 2012                                              COVINGTON & BURLING LLP

                                                                     By: /s/  Robert D. Fram

---

[2] The Court made this clear: "[T]he Court concludes that the parties to the hypothetical negotiation would have tried to account for non-infringing [cards] *sold by non-defendants* by looking at third party market research reports." (ECF No. 370 at 12) (emphasis added; bracketed text corrects apparent inadvertent use of phrase "non-infringing external devices" to "non-infringing cards" in November 15 Order).

2

FUJITSU LIMITED'S REPLY IN SUPPORT OF MOTION TO STRIKE
IMPROPER SUPPLEMENTAL OPINIONS OF DEFENDANTS' DAMAGES EXPERTS         CASE NO. 10-CV-03972-LHK (PSG)

| | |
|---|---|
| 1 | |
| 2 | Robert D. Fram (rfram@cov.com)<br>Thomas E. Garten (tgarten@cov.com)<br>COVINGTON & BURLING LLP<br>One Front Street<br>San Francisco, CA 94111-5356<br>Telephone:    415.591.6000<br>Facsimile:     415.591.6091 |

Robert D. Fram (rfram@cov.com)
Thomas E. Garten (tgarten@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:    415.591.6000
Facsimile:     415.591.6091

Philip A. Irwin (pirwin@cov.com)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:    212.841.1000
Facsimile:     212.841.1010

Gary M. Rubman (grubman@cov.com)
R. Jason Fowler (jfowler@cov.com)
William E. Zapf (wzapf@cov.com)
Brianne Bharkhda (bbharkhda@cov.com)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:    202.662.6000
Facsimile:     202.662.6291

Attorneys for Plaintiff
FUJITSU LIMITED

3

FUJITSU LIMITED'S REPLY IN SUPPORT OF MOTION TO STRIKE
IMPROPER SUPPLEMENTAL OPINIONS OF DEFENDANTS' DAMAGES EXPERTS        CASE NO. 10-CV-03972-LHK (PSG)