Robert D. Fram (rfram@cov.com) (CA Bar No. 126750)
Thomas E. Garten (tgarten@cov.com) (CA Bar No. 247122)
Jeffrey T. Pearlman (jpearlman@cov.com) (CA Bar No. 254759)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:   415.591.6000
Facsimile:   415.591.6091

Philip A. Irwin (pirwin@cov.com) (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:   212.841.1000
Facsimile:   212.841.1010

Gary M. Rubman (grubman@cov.com) (admitted *pro hac vice*)
R. Jason Fowler (jfowler@cov.com) (admitted *pro hac vice*)
William E. Zapf (wzapf@cov.com) (admitted *pro hac vice*)
Brianne Bharkhda (bbharkhda@cov.com) (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:   202.662.6000
Facsimile:   202.662.6291

Attorneys for Plaintiff Fujitsu Limited

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FUJITSU LIMITED,<br><br>            Plaintiff,<br><br>     v.<br><br>BELKIN INTERNATIONAL, INC., BELKIN, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC., NETGEAR, INC., ZYXEL COMMUNICATIONS CORPORATION, and ZYXEL COMMUNICATIONS, INC.,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 10-cv-03972-LHK (PSG)<br><br>**FUJITSU LIMITED'S OBJECTIONS TO DEFENDANTS BELKIN AND NETGEAR'S DIRECT EXAMINATION EXHIBITS FOR LARRY KURLAND AND BERNARD CHAO** |

Fujitsu objects to two exhibits that Belkin and Netgear seek to use during the direct examinations of Larry Kurland and Bernard Chao.  Pursuant to the Court's instructions, the parties met and conferred regarding these disputes, but could not reach agreement.

## ARGUMENT

### A. Objection #1 to Kurland and Chao (PTX-283s):  FRE 403 and Violation of the Court's Orders on Fujitsu's MIL #1 and MIL #2

Belkin and Netgear each seeks to admit PTX-283s through the direct examination of its opinion counsel -- Mr. Kurland for Belkin; Mr. Chao for Netgear.  PTX-283s is a 34-page PTO office action dated September 26, 2008 from the consolidated re-examination of the '769 patent.  It should be excluded pursuant to FRE 402/403 (a) under the Court's ruling on Fujitsu's MIL #1 (adequacy of PTO's examination and alleged misrepresentations by Fujitsu); and (b) Fujitsu's MIL #2 (interim office actions by PTO).  In short, Defendants seek to admit this office action to call into question the quality of the PTO's examination and to attempt to show that Fujitsu mischaracterized references.

In his opinion letter, Mr. Chao disagreed with the PTO's allowance of Fujitsu's patent claims.  Mr. Chao implied that the PTO did not give adequate consideration to Fujitsu's arguments regarding the ARLAN reference--arguments that Mr. Chao also criticizes.  *See* DTX-433 at CHAO000011 ("[W]e cannot determine if the Patent Office actually considered and accepted Fujitsu's arguments with respect to Arlan.").

While Netgear is free to elicit this opinion stated in the opinion letter, Defendants seek to go further by introducing the PTX-283s office action.  This is barred by FRE 403 and the Court's prior orders.  It will only provide Defendants with a further opportunity to criticize the adequacy of the PTO's review and the candor of Fujitsu's representations to which the PTO was responding.  For example, the PTO's office action cites the data transfer circuit in its reasons for allowance (among other claim elements).  Defendants intend to highlight that the data transfer circuit is not in dispute for the Mizutani and ARLAN references in this litigation.  This is a clear attempt to criticize the quality of the PTO's examination.  The office action also contains numerous characterizations of Fujitsu's arguments during the reexamination.  Again,

1

1  allowing this material will open the door to arguments about events in the reexamination that
2  the Court has repeatedly excluded.
3       Belkin's basis for admitting this exhibit is even thinner, as there is no written opinion
4  by Mr. Kurland.  At most, there was oral advice, a claim chart, a few emails, and two
5  reexamination requests.  None gives Belkin a basis to introduce PTX-283s in violation of the
6  Court's rulings on MIL #1 and #2.
7       To the extent Defendants seek to use this document to show which claims were
8  cancelled, they can do so using the reexamination certificate, which identifies those claims.[1]
9       **B.    Objection #2 to Kurland (PTX-285d): FRE 403 and Violation of the Court's**
10 **orders on MIL #1 and MIL #2**
11      Belkin's effort to admit PTX-285d -- the March 14, 2012 office action in the most recent
12 reexamination -- fails for similar reasons.  That is, it contains extensive analysis of patent
13 claims and prior art references, and Defendants are likely to use the document to denigrate
14 the PTO's examination or to otherwise confuse the jury's validity analysis by making
15 arguments about the PTO's analysis of prior art.  Indeed, the second reexamination did not
16 involve Mizutani, ARLAN, or Murakami as anticipation references.  Moreover, *there is no*
17 *opinion letter that cites to the March 2012 office action*.  Indeed, the patent expired in April
18 2012.  The exhibit's probative value is therefore minimal and its risk of confusing the jury is
19 high.
20      To the extent Defendants want to show cancellation of claims, they can do so with the
21 reexamination certificate, which is already in evidence.
22                         **CONCLUSION**
23      The Court should sustain Fujitsu's objections and preclude Belkin and Netgear from
24 offering the PTX-283s and PTX-285d office actions into evidence.
25
26 [1] Netgear took the position in meet and confer that PTX-283s's self-characterization as a "final" office action removes it from the scope of MIL #2.  But whether PTX-283s is
27 characterized as "final," "interim" or something else, it includes extensive discussion of Fujitsu's arguments and the PTO's analysis that the Court has already deemed barred under
28 FRE 403.

2

| | |
|---|---|
| DATED: December 5, 2012 | COVINGTON & BURLING LLP<br>By: /s/ Robert D. Fram<br><br>Robert D. Fram (rfram@cov.com)<br>Thomas E. Garten (tgarten@cov.com)<br>Jeffrey T. Pearlman (jpearlman@cov.com)<br>COVINGTON & BURLING LLP<br>One Front Street<br>San Francisco, CA 94111-5356<br>Telephone:   415.591.6000<br>Facsimile:    415.591.6091<br><br>Philip A. Irwin (pirwin@cov.com)<br>COVINGTON & BURLING LLP<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone:   202.841.1000<br>Facsimile:    202.841.1010<br><br>Gary M. Rubman (grubman@cov.com)<br>R. Jason Fowler (jfowler@cov.com)<br>William E. Zapf (wzapf@cov.com)<br>Brianne Bharkhda (bbharkhda@cov.com)<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>Telephone:   202.662.6000<br>Facsimile:    202.662.6291<br><br>Attorneys for Plaintiff<br>FUJITSU LIMITED |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5-5(b).

I declare under penalty of perjury that the foregoing is true and correct.

/s/     Robert D. Fram