UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>            Plaintiff,<br><br>  v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>            Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER RE: OBJECTIONS TO DEFENDANTS BELKIN AND NETGEAR'S DIRECT EXAMINATION EXHIBITS FOR LARRY KURLAND AND BERNARD CHAO |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence ("FRE") 403, the Court rules on the parties' objections as follows:

| **EXHIBITS** | **Court's Ruling on Objections** |
|---|---|
| PTX-283s and PTX-285d | Overruled in part and sustained in part.<br><br>Through the direct examination of their opinion counsel—Mr. Chao for Netgear and Mr. Kurland for Belkin—Defendants seek to admit PTX-283s, a 34-page PTO office action dated September 26, 2008, from the consolidated re-examination of the '769 patent. This exhibit is a sub-set of PTX-283, which corresponds to the September 26, 2008 Final Office Action in the 2005/2006 merged reexamination. In addition, Belkin seeks to admit PTX-285d, the March 14, 2012 PTO office action in the most recent reexamination of the '769 patent.<br><br>Defendants' only stated reasons for introducing these two exhibits are: (1) to highlight the PTO's allowance of the reissuance based on its finding that ArLAN did not disclose a data transfer circuit; and (2) to highlight the PTO's cancellation of claims 38 and 39 which Fujitsu asserted against Defendants. The Court hereby overrules Fujitsu's objections as to the portions of these exhibits which relate to the above two issues. The Court sustains Fujitsu's objections as to the remainder of these exhibits.<br><br>The Court bases its rulings on the following analysis. Pursuant to FRE 403, the probative value of a wholesale relitigation of the '769 patent reexamination would be outweighed by the possibility of confusing the issues and unduly wasting time. Similarly, the probative value of |

1

Case No: 10-CV-03972-LHK
ORDER RE: OBJECTIONS TO DEFENDANTS BELKIN AND NETGEAR'S DIRECT EXAMINATION EXHIBITS FOR LARRY KURLAND AND BERNARD CHAO

> Defendants' efforts to cast aspersions on the quality of the PTO's reexamination in general is outweighed by the possibility of confusing the issues and unduly wasting time.
>
> However, Defendants must be able to defend themselves against Fujitsu's claim that Defendants willfully infringed the '769 patent through the life of the patent. Moreover, Fujitsu has attacked the quality and reasonableness of the opinions of Defendants' opinion counsel. Thus, the probative value of Defendants' reliance upon their opinion counsel's conclusions and the bases for those conclusions, *e.g.*, PTO error regarding ArLAN's absence of a data transfer circuit, outweighs any potential prejudice or other considerations pursuant to FRE 403. Furthermore, the PTO's cancellation of claims that Fujitsu asserted against Defendants is highly probative of the quality and reasonableness of Defendants' opinion counsel's opinions, which found these claims to be invalid. Pursuant to FRE 403, such evidence is admissible. Nonetheless, a limiting instruction is necessary because such evidence may only be admitted for willfulness and induced infringement.

**IT IS SO ORDERED.**

Dated: December 6, 2012

_____
LUCY H. KOH
United States District Judge

Case No: 10-CV-03972-LHK
ORDER RE: OBJECTIONS TO DEFENDANTS BELKIN AND NETGEAR'S DIRECT EXAMINATION EXHIBITS FOR LARRY KURLAND AND BERNARD CHAO