UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,<br><br>        Plaintiff,<br><br>   v.<br><br>BELKIN INTERNATIONAL, INC.; BELKIN, INC.; D-LINK CORPORATION; D-LINK SYSTEMS, INC.; NETGEAR, INC.; ZYXEL COMMUNICATIONS CORPORATION; and ZYXEL COMMUNICATIONS, INC.,<br><br>        Defendants. | Case No.: 10-CV-03972-LHK<br><br>ORDER RE: OBJECTIONS TO EXHIBITS AND DEMONSTRATIVES FOR DECEMBER 11, 2012 |

After reviewing the parties' briefing, considering the record in the case, and balancing the considerations set forth in Federal Rule of Evidence ("FRE") 403, the Court rules on the parties' objections as follows:

| EXHIBITS/ DEMONSTRATIVES | Court's Ruling on Objections |
|---|---|
| **FUJITSU'S OBJECTIONS** | |
| Use of U.S. Patent No. 6,108,209 as a Demonstrative | Sustained.<br><br>Fujitsu objects to Defendants' use of U.S. Patent No. 6,108,209 ("Snap Together PCMCIA Cards with Laser Tack Welded Seams") as a "demonstrative" exhibit to be used during the cross-examination of Dr. Williams on validity issues. The '209 patent, which was filed several years *after* the application for the Ozawa patent, purports to describe a "cartridge" for use in PCMCIA applications. Fujitsu notes that the '209 patent was identified for the first time in this case yesterday; it was not disclosed in Defendants' invalidity contentions; it was not identified in Dr. Mihran's invalidity report; and it does not appear on Defendants' exhibit list. Fujitsu argues that this exhibit should be excluded because its disclosure was untimely and because its use would violate FRE 402 and 403.<br><br>The Court agrees that disclosure of this demonstrative is untimely. Pursuant to FRE 403, the Court finds that the potential prejudice to Fujitsu outweighs any probative value of allowing Defendants to use this demonstrative. |
| Demonstratives relating to ISA and PCI | Sustained. |

| | |
|---|---|
| cards and Motherboards and Mihran rebuttal Slide Nos. 4 and 5 containing photographs of the same | Fujitsu contends that, on December 9, 2012, Defendants identified four new demonstrative exhibits for use with Dr. Williams's cross-examination and Dr. Mihran's rebuttal testimony:<br>• No. 11 – Motherboard with PCI Express Slots and PCI Slots<br>• No. 12 – Motherboard with ISA slot cut to expose cross section<br>• No. 13 – PCI Express Card<br>• No. 14 – PCI Card<br>The Court agrees that disclosure of these demonstratives is untimely. Pursuant to FRE 403, the Court finds that the potential prejudice to Fujitsu outweighs any probative value of allowing Defendants to use these demonstratives and the rebuttal slides containing photographs of the same. |
| **DEFENDANTS' OBJECTIONS** | |
| Slides regarding the Mizutani Antenna and Batteries (1, 27, 29–34) | Overruled.<br><br>Defendants object to the fact that Fujitsu plans to use a number of slides focusing on Figure 5 of the Mizutani reference. Defendants contend that these slides "appear to relate to some argument that the antenna in Mizutani must be attached to the plastic edge surrounding the printed circuit board card with screws, or otherwise arguing that the plastic housing [i]s a 'key part' of Mizutani's invention." ECF No. 513, at 2. Defendants contend that these slides and any related argument should be excluded as they are outside the scope of Dr. Williams's report.<br><br>**Slides 27, 29 - 34:**<br>Fujitsu contends that, although Dr. Williams's report did not cite Figure 5 of Mizutani expressly, Dr. Williams did cite Figure 4 of Mizutani, which is merely a different perspective on the same device. Further, Dr. Williams's report discusses various mechanical features of Mizutani that are important to the distinction between a card and a cartridge.<br><br>Given the extensive discussion of the Mizutani reference in Dr. Williams's report, in addition to the citation to the Mizutani document itself—especially Figure 4—the Court finds that these slides are sufficiently within the scope of Dr. Williams's expert report to be used during trial. *See, e.g.*, Williams Report ¶¶50, 165, 171, 207, 223, 241, and 246 (describing distinctions between cartridges and cards, including that a cartridge "has a printed circuit board surrounded by a claim-shell plastic housing," and "that external transmission devices . . . need to be separately powered with batteries"). In addition, the Court finds that these slides are responsive to Dr. Mirhan's demonstrative, presented during his testimony, that showed the printed circuit board separated from the rest of the cartridge—which was not a point made in Dr. Mihran's expert report. Therefore, pursuant to FRE 403, the Court finds that the probative value of these slides outweighs any potential prejudice to Defendants.<br><br>**Slides 1:** In Slide 1, Fujitsu also states "Mizutani discloses a cartridge to |

United States District Court
For the Northern District of California

| | |
|---|---|
| | a Person of Ordinary Skill because . . . Mizutani identified the housing as a 'key part' of the invention." Fujitsu contends that the "key part" language appears in the written description of Figure 5. Pursuant to FRE 403, Defendants' objection is overruled. |
| Slides regarding "configuring" ARLAN (14, 15, 17, and 18) | Sustained.<br><br>Defendants argue that Fujitsu recently disclosed a number of slides claiming that the ARLAN device is not inserted into a slot because it needs to be "configured." Defendants point out that, in his report, Dr. Williams listed a number of steps the user had to take to insert ARLAN, but he never listed "configuration." Although Fujitsu contends that this material is "expressly provided in Dr. Williams's report," the report does not appear to discuss "configuring" ARLAN. Accordingly, the Court agrees with Defendants that these slides are outside the scope of Dr. Williams's report, and therefore any reference to "configure" should be removed. |
| Wireless Access, Inc. Card Demonstrative and Slide | Sustained.<br><br>The Court agrees that disclosure of this demonstrative and slide is untimely. Pursuant to FRE 403, the Court finds that the potential prejudice to Defendants outweighs any probative value of allowing Fujitsu to use this demonstrative and slide. |

**IT IS SO ORDERED.**

Dated: December 10, 2012

_____
LUCY H. KOH
United States District Judge