UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUJITSU LIMITED,                               ) | Case No.: 10-CV-03972-LHK |
|                                                ) | |
| Plaintiff,                 ) | |
|                                                ) | ORDER DENYING MOTION TO SEAL |
| v.                                             ) | |
|                                                ) | |
| BELKIN INTERNATIONAL, INC.; BELKIN,            ) | |
| INC.; D-LINK CORPORATION; D-LINK               ) | |
| SYSTEMS, INC.; and NETGEAR, INC.,              ) | |
|                                                ) | |
| Defendants.                ) | |
|                                                ) | |

Before the Court is Fujitsu's Motion for Administrative Relief to File the Exhibits in Support of its Motion to Strike Improper Supplemental Opinions of Defendants' Damages Experts Under Seal. ECF No. 451. For the reasons stated herein, the Court DENIES Fujitsu's motion to seal.

**I.      Legal Standard**

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins.Co.*, 331 F.3d

1122, 1135 (9th Cir. 2003)).  In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See id*. at 1178–79.  Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying a "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action") (internal quotation marks and citation omitted).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).  Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must articulate "compelling reasons" in favor of sealing.  *See id.* at 1178.  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. at 1179 (citing *Foltz*, 331 F.3d at 1136).  "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Nixon*, 435 U.S. at 598).

## II.   Fujitsu's Administrative Motion to Seal

In connection with Fujitsu's Motion to Strike, Fujitsu seeks to file five exhibits under seal because Defendants designated each of these exhibits as "Highly Confidential – Attorney's Eyes Only."  Civil Local Rule 79-5(d) governs motions to seal documents designated as confidential by another party.  This rule requires "the designating party . . . [to] file with the Court and serve a declaration establishing that the designated information is sealable" within seven days of the motion.  However, Defendants did not file declarations establishing why these documents must be

filed under seal.  Accordingly, pursuant to Civil Local Rule 79-5(d), Fujitsu's motion to seal these exhibits is DENIED without prejudice.

### III.  Conclusion

For the foregoing reasons, the Court DENIES Fujitsu's Motion for Administrative Relief to File the Exhibits in Support of its Motion to Strike Improper Supplemental Opinions of Defendants' Damages Experts under seal.  Fujitsu shall re-file the exhibits consistent with this Order within seven days.

**IT IS SO ORDERED.**

Dated: December 13, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge